## THE STATE v. ALVIS JENNINGS, Appellant.

### Division Two, June 13, 1919.

1. **JURISDICTION: Abatement: In Legal Custody: Paroled Defendent.** Notwithstanding defendant has been convicted in the same court and sentenced to jail for another crime, yet if he has been paroled and is at liberty under said parole, he is in no such legal custody as deprives the court of jurisdiction to proceed to try him.

2. **INDICTMENT: Perjury: Venue.** An indictment for perjury is not fatally defective because it fails to allege the venue of the offense in the case in which he is charged with having committed perjury. The venue stated in the margin of the perjury indictment is under the statute (Sec. 5107, R. S. 1909) taken to be the venue for all facts stated in the body of the indictment.

3. **PERJURY: Material Matter.** To constitute perjury it is not necessary that the alleged false testimony be sufficient within itself to make out a case at the trial in which it is made, but it is only necessary that the false testimony be upon any material matter in that case.

4. **ARRAIGNMENT: At Former Trial.** If defendant was arraigned and entered a plea of not guilty at his former trial, and said plea is not withdrawn, a new arraignment at a subsequent trial under the same indictment is not necessary.

5. **INSTRUCTION: Accomplices as Witnesses: Not Preserved.** An assignment that the court, on defendant's trial for perjury, erred in refusing to give a cautionary instruction as to the weight to be given to the testimony of the State's witnesses who were his accomplices in the offense tried in the case in which the perjury is alleged to have been committed, cannot be considered on appeal if in no manner preserved in the motion for a new trial.

6. **PERJURY: Throwing Rocks at Street Car: Corporate Owner.** In the trial of a defendant charged with having sworn falsely in a former trial of boys charged with having thrown rocks at a street car, it is not necessary to prove that the company owning the car was a corporation; for it is wholly immaterial in the perjury case whether the owner was or was not a corporation.

7. ———: ———: **Moving Car: Complete Criminal Act.** Nor was it necessary that the State prove that there was an understanding between defendant and his companions to throw rocks at a moving car. To be material in the perjury trial it is not necessary that the understanding or conspiracy contemplated a complete criminal act.

8. ———: **False Testimony Concerning Any Material Link.** False testimony concerning any material link in the chain of circumstantial evidence tending to establish guilt, is perjury.

9. ———: ———: **Proof.** Nor is it necessary that the full assignment of perjury be proven. Proof of any portion thereof which is sufficient within itself to establish perjury will support a conviction.

Appeal from Greene Criminal Court.—*Hon. .C. .H. Skinker,* Special Judge.

AFFIRMED.

*Hamlin & Hamlin* and *Collins* and *Holladay & Stough* for appellant.

(1) The indictment in this case is bad. The indictment charges that on the 12th day of May, 1917, defendant was placed upon his trial in the criminal court of Greene County on a charge of having unlawfully thrown a rock at and into a street car of the Springfield Traction Company, while said car was in motion, but nowhere charges that defendant threw this rock or committed the complained of act in Greene County, Missouri, and without such allegations no offense is charged. "The cardinal principle of pleading in prosecution for felony is: that everything constituting the offense must be pleaded with certainty and nothing be left to implication." State v. Ferguson, 152 Mo. 92; State v. Hall, 130 Mo. App. 170; State v. Hagan, 164 Mo. 654. This indictment is again bad for the reason it was wholly immaterial, on the charge of throwing a rock at a moving street car, whether this defendant had knowledge of or was implicated in any plan or agreement between himself and others to throw rocks

at a moving street. car. "Swearing falsely to a matter incidental, but utterly immaterial, to the issue, does not constitute the crime of perjury." Hinch v. State, 2 Mo. 158; Martin v. Miller, 4 Mo. 47; State v. Bailey, 34 Mo. 350; State v. Wakefield, 9 Mo. App. 326. (2) The court erred in overruling defendant's plea in abatement, the defendant being under sentence at the time of this trial for another felony. In legal contemplation he was in a custody different from that of the criminal court of Greene County, and could not be placed upon trial until his term of imprisonment had expired. Ex parte George Meyer, 44 Mo. 279; State v. Buck, 120 Mo. 479; State v. Bell, 212 Mo. 130. (3) The verdict is wholly against the evidence. It is fundamental that whenever it is necessary to allege a matter it 'is also necessary to prove. that matter. It is alleged in the indictment that the Springfield Traction Company, at whose car defendant is alleged to have thrown a rock, was a corporation duly organized and existing under the laws of this State. It is also alleged in the indictment that the defendant upon the trial of that charge committed perjury by falsely swearing that he did not conspire with others to throw rocks at a street car of the Springfield Traction Company, a corporation. There is no proof in this case that this Springfield Traction Company is or was a corporation, the record is absolutely silent as to proof on this all-vital allegation and for that reason alone this case under the holdings of this court must be reversed. State v. Horned, 178 Mo. 59; State v. Henschel, 250 Mo. 263.

*Frank W. McAllister*, Attorney-General, and *Henry B. Hunt*, Assistant Attorney-General, for respondent.

(1) The indictment is sufficient. Sec. 4596, R. S. 1909; Kelley's Crim. Law, sec. 821; Sams v. Railway, 174 Mo. 72; State v. Lang, 14 Mo. App. 249; Secs. 4344, 4350, R. S. 1909; State v. Gordon, 196 Mo. 198; State v. Cave, 81 Mo. 451; State v. Huckeby, 87 Mo. 415; State v. Nelson, 146 Mo. 259; State v. Taylor, 202 Mo.

2. (a) It was not necessary to state the venue of the offense of throwing stones at a street-car. Secs. 4350, 5107, 5115, R. S. 1909; State v. Keel, 54 Mo. 184; State v. Brown, 159 Mo. 648; State v. McDonough, 232 Mo. 227; State v. Fields, 262 Mo. 163. (b) Perjury was assigned upon matter material to the issue. State v. Ackerman, 214 Mo. 330; State v. Day, 100 Mo. 249; State v. Faulkner, 175 Mo. 568, 572; State v. Wakefield, 73 Mo. 554; Harris v. Railway, 172 Mo. App. 270. (c) Evidence may be material although it does not tend to directly prove the issue. State v. Moran, 216 Mo. 561. (2) A plea in abatement must be filed before a plea of not guilty is entered; or, if a plea of not guilty has been entered, leave of court should be obtained to withdraw such plea before filing a plea in abatement. 12 Cyc. 357; Sunday v. The State, 14 Mo. 420; State v. Taylor, 171 Mo. 472; Grimes v. State, 105 Ala. 89; State v. Wells, 159 Pac. (Nev.) 521; Rogers v. State, 166 Ala. 12. Filing of the plea in abatement did not have the effect of withdrawing the plea of not guilty. State v. Gieseke, 209 Mo. 340; State v. Reeves, 97 Mo. 672. (3) Appellant having been formally arraigned upon the first trial of this cause, arraignment was not necessary at the second trial thereof. State v. Simms, 71 Mo. 539; State v. Tate, 156 Mo. 131; Kelley's Crim. Law, sec. 221. (4) It was not necessary to prove that the Springfield Traction Company was a corporation. It was sufficient to prove that the alleged perjury was committed. Sec. 4350, R. S. 1909; State v. Huckeby, 87 Mo. 418; State v. Gordon, 196 Mo. 198; State v. Koslowesky, 228 Mo. 359.

WILLIAMS, P. J.—Defendant appeals from a judgment of the Criminal Court of Greene County, sentencing him to two years' imprisonment for the crime of perjury.

The evidence offered by the State may be summarized as follows:

On May 12, 1917, Alvis Jennings (the appellant herein) was put upon his trial in the Criminal Court of Greene County, Missouri, upon an information which charged him with the crime of throwing stones at a street car in the City of Springfield, while said car was in motion. Upon that trial, Jennings testified in his own behalf substantially as follows:

That he did not throw a rock at this street car out near Broad and Dale Streets; that he did not ask or invite any of the boys with him to throw rocks; nor did he hear any of the boys riding with him in the automobile say anything about going out to rock a car; nor did he know of any such intention. On cross-examination he testified that he went out in an automobile with several boys for a ride; that nothing was said at the confectionery store where the crowd was made up that they would throw rocks; that he got out of the automobile two blocks from Broad and Dale Streets to urinate; that he saw no one throw rocks and heard no crash of glass; that he followed his companions back to the automobile and then heard some of them say, "We threw rocks in the car." That he had no intimation up to that time that the boys were intending to do anything of this kind. The above evidence of defendant upon the former trial was in substance testified to in the present trial by the circuit judge who tried the first case and by the court stenographer who took down the testimony at the time.

A street car conductor testified upon the present trial that in the month of January, 1917, he was on the street car one evening about nine o'clock, going north on Broad Street; that when the street car reached Dale Street, three rocks struck it, two rocks going through the side glass and one through the vestibule door.

Clarence Geister testified that he, together with defendant, Jennings, went out to Dale and Broad Streets in an automobile about eight-thirty or nine o'clock on the night in question for the purpose of stoning a

Broad Street car; that on the way out appellant told them to pick up some rocks and be quiet. The whole crowd talked of throwing rocks at the street car and when the car came along appellant said, "Let them have 'em!" This witness admitted that he later plead guilty of stoning the car and paid the cost and that the above transaction occured in Springfield, Greene County, Missouri.

Peter Boyle testified that he was in the automobile, with the appellant and the boys when they went down to Dale and Douglas Streets; that they threw rocks at the street car when it came along and then ran back to the automobile and left; that they discussed the proposition of stoning the street car at the confectionery store, and decided where to go after they got into the automobile. Later when they got out of the automobile appellant said something about them keeping still, and to stay on the dark side of the street, so they could go down without being noticed; that appellant was at the confectionery store when the crowd was formed. This witness later pleaded guilty to a charge of stoning this particular street car.

Dewey Hulse testified that on the night in question he met the appellant and the other boys at the confectionery store; that the crowd of boys planned to go out to Broad and Dale Streets to throw rocks at a street car; that they rode out in an automobile to within two blocks of the above mentioned street crossing; there the crowd got out of the car and picked up some rocks and waited for a car and when the car came by, "We throwed at it." Shortly before the attack appellant told the boys to be quiet and "pick up some rocks, and when the car got even with Dale Street, why throw them and all run."

Defendant testifying in the present case stated that he was 21 years old; that he had nothing to do with and did not enter into any scheme with the boys mentioned to go out and rock street cars at the time referred to by the witnesses; that later he did plead guilty in

the Criminal Court of Greene County, to the charge of shooting at a street car, but this was an entirely different transaction and that he served a term in jail for the latter offense. On cross-examination he further testified that he threw no rocks at the street car in question and did not know what the boys went out there for, but thought they were merely taking a joy ride; that he did not see the other boys pick up or throw any rocks, and that he did not know that the boys contemplated throwing rocks at the street car.

I. Appellant contends that the court erred in overruling his plea in abatement. This so-called plea in abatement amounts to nothing more than a motion to temporarily postpone the trial on the ground that defendant was, at the time of this trial, under conviction and sentence in the same court for another felony. The facts disclosed upon the hearing of this motion were as follows:

In Legal Custody.

Defendant's trial in the present case occured December 21, 1917. On May 28, 1917, in the Criminal Court of Greene County, defendant entered a plea of guilty to an indictment which in substance charged him with feloniously, wilfully and maliciously shooting into a certain street car, being the property of the Springfield Traction Company. Upon said plea of guilty the court sentenced him to five months' imprisonment in the Greene County jail. On August 13, 1917, said court paroled the defendant and at the date of the present trial defendant was at liberty under said parole.

In support of his present contention appellant relies upon Ex parte Meyers, 44 Mo. 279; State v. Buck, 120 Mo. 479, and State v. Bell, 212 Mo. 130.

In each of the three cases cited the defendant was, at the time of his trial, under sentence to a *term in the Penitentiary and no parole had been granted.*

Those cases seem to proceed upon the theory that after the defendant had been sentenced to a term in the

Penitentiary "he was in legal contemplation in a custody different from that of the circuit court," and that therefore the circuit court was without jurisdiction to proceed with the trial of defendant for another offense until the first judgment had become satisfied or reversed. As to the soundness of these holdings we are not now called upon to determine. Matters of interest to the researcher upon that subject will be found in In re Tranmer, 41 L. R. A. (N. S.) 1095, wherein the subject is thoroughly discussed, both in the opinion and in an editorial note.

Conceding *arguendo* that the above mentioned cases cited by appellant announce the correct rule where the defendant at the time of his trial is under a penitentiary sentence for another offense, yet we have no hesitancy in saying that the same should not be applied to the present situation where the defendant, at the time of trial, was not in "legal contemplation in a custody different from that of the circuit court," but was perforce of the parole statute (Sec. 5364, R. S. 1909) in the legal custody of and under the jurisdiction of said court.

II. Appellant further contends that the indictment is fatally defective. In this behalf it is insisted that the indictment for perjury in the present case is defective because it fails to allege that the offense of throwing a rock at a moving street car, with which defendant stood charged in the first indictment, occurred in Greene County, Missouri.

Indictment.

This exact question was passed upon in the case of State v. Keel, 54 Mo. 182, l. c. 187, wherein it was held that it was not necessary to allege in the body of the indictment for perjury, the venue of the crime for which defendant was being tried when the alleged perjury was committed, but that the venue stated in the margin of the perjury indictment was under the statute (Now Sec. 5107, R. S. 1909) "taken to be the venue for all the facts stated in the body of the indictment." In the present indictment the venue was properly stated in the

margin and on the authority of the case of State v. Keel, supra, the contention is disallowed.

III. We are unable to agree with appellant that the alleged false testimony was upon an issue not material to the charge of throwing rocks at a moving street car. If defendant and his associates on the night in question, at the time they proceeded from a down-town store in an automobile to a place near where the moving car was attacked, had a common understanding or agreement that they would go out there to throw rocks at a street car, it would certainly be a very material circumstance and one which the State would have the right to show.

*Material Testimony.*

It is not necessary that the alleged false testimony be sufficient within itself to make out a case, or prevent the making of a case, but it is only necessary that the false testimony be upon "any material matter," etc. [Sec. 4344, R. S. 1909.]

In the case of State v. Wakefield, 73 Mo. 549, l. c. 554, the rule here applicable was stated as follow: "Whether all the links in the chain of circumstantial evidence necessary to its completion are supplied or not, a witness who has sworn falsely in regard to any link is as guilty as if the evidence fully supplied that and all other parts. A criminal charge is proved step by step."

To the same effect are the following authorities: State v. Day, 100 Mo. 242, l. c. 249; State v. Faulkner, 175 Mo. 546, l. c. 568; State v. Ackerman, 214 Mo. 325, l. c. 332.

IV. It is further contended that the conviction cannot stand because the record fails to show that defendant was duly arraigned before he was put upon his trial. The record does show that defendant was duly arraigned and entered a plea of not guilty upon the first trial under this same indictment. The former plea not having been withdrawn,

*Arraignment.*

a new arraignment was not necessary, even under the old rulings (State v. Simms, 71 Mo. 538; State v. Tate, 156 Mo. 119, l. c. 131), much less so under the new and recent rulings of this court upon the subject. [State v. O'Kelley and Fitch, 258 Mo. 345; State v. Allen, 267 Mo. 49, l. c. 55.]

V. It is further contended the court erred in refusing to give a cautionary instruction as to the weight to be given the testimony of the witnesses who were accomplices with defendant in the crime of throwing rocks at the street car. The above point was in no manner preserved in the motion for a new trial and the same is therefore not properly before us for determination.

**Review.**

VI. It is further contended that the evidence is insufficient to support the verdict. In his behalf it is insisted that the State should have proven, but failed to prove, that the Springfield Traction Company was a corporation.

**Material Matters.**

Appellant in the case at bar was not being tried for the offense of throwing rocks at a street car alleged to have been the property of the Springfield Traction Company, a corporation. In the present case he was being tried for perjury alleged to have been committed upon the trial of the former offense. It was therefore wholly immaterial to any issue in the present case to show that the owner of the car was a corporation. State v. Horned, 178 Mo. 59, and State v. Henschel, 250 Mo. 263, cited and relied upon by appellant, have no application whatever to the present situation and are therefore not in point.

It is further insisted that the State should have proven, but failed to prove, that there was an understanding between defendant and his companions to throw rocks at a *moving* street car. We are unable to agree with this contention. It was not necessary in order to be material that the alleged agreement or conspiracy

existing between defendant and his companions should
have been sufficiently comprehensive to have provided
for a complete criminal act.   If the understanding
between defendant and his companions was that they
would go out and throw rocks at a street car on the
night in question, that fact alone supplied a material
link in the chain of circumstantial evidence of guilt
and was a sufficient basis upon which to make an as-
signment of perjury.   It is not necessary in a perjury
case that the full assignment of perjury be proven.
Proof of any portion thereof, which is sufficient within
itself to support a conviction of perjury, is all that is
required of the State.   [State v. Day, 100 Mo. 242, l. c.
249;  Kelley's Criminal Law and Practice (3 Ed.),
par. 243, p. 201.]

The judgment is affirmed.   All concur.