## THE STATE v. NEAL BRADFORD, Appellant.

Division Two, May 28, 1926.

1. **INDICTMENT: Perjury.** The indictment, set out in full in the statement, in substance and in form, is a sufficient charge of the offense of perjury.

2. **PERJURY: Demurrer to Evidence.** Evidence that defendant testified as a witness before the grand jury that during the year he had not seen any one shooting craps in a certain place and that he had not himself shot craps at such place, and the testimony of a witness at the trial that on the named date he was present while a craps game was being played at such place; that defendant was there and was managing the game; that every time a shot was made defendant received a nickel from the person shooting; that both witness and defendant were engaged in said game; that while the game was being played a police officer raided the place and took from the witness money on which he was sitting, and that some of the money thus taken belonged to the defendant, and the testimony of the police officer that he made the raid and took the money and defendant was there at the time, are sufficient to sustain a charge of perjury.

3. **INSTRUCTIONS: No Specified Error.** A charge in the motion for a new trial that the court failed properly to instruct the jury, where no objection to the instructions is pointed out and no complaint of failure to give instructions required by the evidence is made, in the motion, and no brief is filed, is without merit.

4. ———: **Amendment.** The court has the legal right to supply an omission from an instruction requiring the jury to find the crime was committed within three years before the filing of the indictment, by adding such words to a given instruction, at any time before the case is submitted to the jury.

5. **CHANGE OF VENUE: Prejudice of Inhabitants: Joint Affidavit.** The meaning of Section 3973, Revised Statutes 1919, as enacted in 1921, Laws 1921, page 206, is (a) if the petition for a change of venue, alleging that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the petitioner that a fair trial cannot be had therein, is supported by two credible disinterested citizens residing anywhere in the county, proof of the allegations may be offered, upon which the court will determine whether the change will be granted; but (b) if the petition is supported by the separate affidavits of five or more credible disin-

State v. Bradford.

terested citizens residing in different neighborhoods of the county, the change shall be granted without additional proof. A joint affidavit of the five citizens does not satisfy the statute, but there must be at least five separate affidavits showing the situation or prejudice in as many different neighborhoods of the county, and when such number of separate affidavits are filed along with the petition they will authorize a change of venue without further proof. [Separate concurring opinion of WHITE, J., in which BLAIR, J., concurs.]

6. ———: ———: Act of 1921: Continuing Statute. The Act of 1921, Laws 1921, page 206, reenacts Section 3973, Revised Statutes 1919, with a modification, and is simply an amendment of that section, or a continuation of it as amended.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 320, p. 212, n. 64; p. 213, n. 68; Section 2468, p. 1033, n. 9 New; Section 2508, p. 1067, n. 97; Section 2738½, p. 1220, n. 86; 17 C. J., Section 3351, p. 91, n. 76. Perjury, 30 Cyc., p. 1426, n. 19; p. 1448, n. 64; p. 1456, n. 15. Statutes, 36 Cyc., p. 1084, n. 76.

Appeal from St. Charles Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

AFFIRMED.

*W. R. Dalton* for appellant.

*North T. Gentry*, Attorney-General, and *Claud Curtis*, Special Assistant Attorney-General, for respondent.

(1)  The indictment is sufficient. State v. Mitchell, 267 S. W. 873; State v. Moran, 216 Mo. 550; State v. Rhodes, 220 Mo. 9; State v. Ruddy, 287 Mo. 52. (2)  The evidence was sufficient to support the verdict. State v. Mitchell, 267 S. W. 873; State v. Norris, 249 S. W. 78; State v. Clinkenbeard, 247 S. W. 199. (3)  The instructions given in this case declare the law as to perjury as it was declared in State v. Mitchell, 267 S. W. 873, where the instructions given were approved. The State's Instruction 4; which told the jury that the alleged false testimony given by defendant was material, was correct. State v. Higgins, 124 Mo. 649. Furthermore defendant's assignments in his motion for new trial as to written in-

structions save nothing for review. State v. Knight, 278 S. W. 1036. (4) Appellant's assignment of error that the court erred by orally stating to the jury during the argument of counsel "or at any time within three years before the filing of the indictment herein," and by then inserting said clause in Instruction 2 is without merit. Such a statement is not considered as an instruction. State v. Good, 132 Mo. 114; State v. Dewitt, 152 Mo. 76; State v. Crofton, 271 Mo. 507. This statement could not prejudice defendant's case because when the jury retired the remark had been made a part of the written instructions. (5) Under Sec. 3973, R. S. 1919, two compurgators must support an affidavit for a change of venue. State v. Kocian, 208 S. W. 44; State v. Richardson, 194 Mo. 326; State v. Turlington, 102 Mo. 642. The same provision is made in the 1921 amendment of Section 3973. (a) But a petition supported by two compurgators does not make out a prima-facie case for change of venue. There must be proof. State v. Tatlow, 136 Mo. 678. (b) According to the 1919 statute the granting of a change of venue for local prejudice was in the discretion of the trial court. State v. Anderson, 252 Mo. 83; State v. Shoffer, 253 Mo. 320; State v. Jackson, 227 S. W. 647. (c) Affidavits were inadmissible to prove prejudice of inhabitants of a county. State v. Bohanan, 76 Mo. 562. (d) The granting of a change of venue from one circuit to another circuit is discretionary with the trial court. Laws 1921, sec. 3973, p. 206. (e) The Amendment of 1921 does not dispense with the two compurgators, but substitutes the affidavits of "five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending," for the proof of prejudice. Sec. 3973, Laws 1921, p. 206.

RAILEY, C.—On July 31, 1924, the grand jury of St. Charles County, Missouri, returned into the circuit court of said county, an indictment in due form, which, without caption and signatures, reads as follows:

"The grand jurors for the State of Missouri, summoned from the body of St. Charles County, empaneled, charged and sworn, upon their oaths present that on the 29th day of July, A. D. 1924, at and in the County of St. Charles and State of Missouri and during the session of the May Term, A. D. 1924, of the Circuit Court of the County of St. Charles and State of Missouri, aforesaid, the grand jurors for the State of Missouri, who had been summoned from the body of the County of St. Charles and who had been duly empaneled, sworn and charged to inquire within and for the body of the County of St. Charles and State of Missouri, were then and there in session, the said grand jurors having been then and there duly organized and then and there discharging the duties of grand jurors; that Neal Bradford of the County of St. Charles and State of Missouri was then and there a witness duly summoned to appear and testify before the said grand jurors in a criminal investigation then and there pending before the said grand jurors wherein one Alfred Massey was charged with unlawfully permitting a gaming device on premises occupied and under the control of said Alfred Massey and with permitting a crap game on such premises, which said matter the said grand jurors then and there had lawful power and authority to investigate and he, the said Neal Bradford, then and there before the said grand jurors, in due form of law, was sworn by Joseph F. Sigmund, then and there being and acting as foreman of said grand jurors, and took his oath the truth to speak concerning the matter charged against the said Alfred Massey, he, the said Joseph F. Sigmund, foreman of the said grand jurors, then and there having lawful power and authority to administer the said oath to the said Neal Bradford, in that behalf; that said Neal Bradford being so duly sworn as aforesaid, then and there, upon his oath aforesaid, before the grand jurors aforesaid, falsely, wilfully, corruptly and feloniously did depose and swear in substance and to the effect as follows: That he, the said Neal Bradford, at and in the County of St. Charles and State of Missouri did

not see any game of craps being played in or on the premises occupied and under the control of said Alfred Massey and that he, the said Neal Bradford, did not take part in any such crap games, whereas in truth and in fact the said Neal Bradford did see a game of craps being played and did take part in a game of craps being played on and in the premises occupied by and under the control of said Alfred Massey on May 29, 1924, and at other and divers times, the exact dates being to the grand jurors unknown; that said swearing by the said Neal Bradford was material to the point under investigation by the said grand jurors and was knowingly, maliciously, feloniously, wilfully, deliberately, absolutely and corruptly false and the said Neal Bradford then and there well knew the same to be false when he deposed to it. And so the grand jurors aforesaid, upon their oaths aforesaid, do present and charge that the said Neal Bradford on the 29th day of July, A. D. 1924, in the State and County aforesaid, in the manner and form aforesaid, and by means of the false swearing aforesaid, was guilty of felonious, malicious, wilful, deliberate, absolute and corrupt perjury against the peace and dignity of the State.''

On November 12, 1924, defendant filed a demurrer to said indictment. The cause was continued to February term, 1925; and said demurrer, on February 17, 1925, was overruled. Thereafter, on the last-mentioned date, defendant filed an application for a change of venue, which was overruled on the same day. Defendant was arraigned and entered a plea of not guilty. Thereafter on said last-named date the case was tried before a jury, and the following verdict was returned:

''We, the Jury, find the defendant guilty of perjury, as charged in the indictment in this case, and we assess his punishment therefor at imprisonment in the Penitentiary for a term of two years.''

Thereafter, on the same day, defendant filed his motion for a new trial, which was overruled, allocution was granted, judgment rendered, sentence pronounced in

conformity with said verdict, and an appeal allowed defendant to this court. Thereafter, on January 4, 1926, defendant filed his bill of exceptions in the circuit court, and on January 16th, filed a transcript of the record and proceedings aforesaid in this court.

The evidence in this case tends to show, in substance, that in 1924 a grand jury was properly organized and in session in the County of St. Charles and State of Missouri, and that said jury had under consideration, among other things, the investigation of the place of business of Alfred Massey, located on Main Street, in the city of St. Charles and county of St. Charles aforesaid; that said grand jury was then making an investigation of the business of said Massey to determine whether crap games formerly were permitted at said place of business in violation of law; that while said grand jury was in session and investigating the matter aforesaid, the defendant, Neal Bradford, appeared before said body, and was duly sworn as a witness by the foreman to testify truthfully concerning the inquiry which they were then conducting; that, as shown by the testimony of several of the members of the grand jury, said Bradford was asked whether during the year 1924 he had ever seen anyone shooting craps at Massey's place of business; that he was likewise asked, whether during the same period he had ever shot craps himself at said place of business; that said defendant was asked these questions a number of times, and in each instance positively declared that he had never seen anyone shoot craps at said place during the said period, nor did he ever shoot craps during said time at said place himself.

The State produced as a witness, Roy Woolfolk, who testified in substance that he was familiar with Massey's place of business aforesaid, and that about the middle of July, 1924, he was at said place of business while a crap game was played on said premises, and in said building; that defendant, Neal Bradford, was there and was managing the game conducted at this place on that particular occasion; that every time a shot was made, Bradford re-

314 Mo.—44.

ceived a nickel from the person shooting; that both witness and Bradford were engaged in said game of craps; that while said game was in operation, a police officer, by the name of Duckworth, and another police officer, raided the above place and took from Woolfolk money on which he was sitting; that defendant Bradford was there at the time and that some of the money thus taken by the police officer belonged to witness and some to defendant Bradford.

Ed Duckworth, police officer above mentioned, testified, in substance, that he made a raid on the Alfred Massey place of business on the above occasion and that he took from Roy Woolfolk the money heretofore mentioned; that defendant, Neal Bradford, was there in the room at the time.

The defendant did not testify as a witness and no evidence was offered in his behalf except that of one witness who testified as to appellant's good reputation for truth and veracity.

Such other matters as may be deemed necessary will be considered in the opinion.

I. The indictment in this case fully informed the defendant of the charges he was required to meet. It is based upon the statute, and is sufficient as to both form and substance. [Sec. 3132, R. S. 1919; State v. Keel, 54 Mo. l. c. 184 and following; State v. Walker, 194 Mo. l. c. 369 and following; State v. Rhodes, 220 Mo. 9; State v. Hardiman, 277 Mo. 229, 209 S. W. 879; State v. Jennings, 278 Mo. 544, 213 S. W. 421; State v. Ruddy, 287 Mo. 52, 228 S. W. 760; State v. Tedder, 294 Mo. 390, 242 S. W. 889; State v. Clinkingbeard, 296 Mo. 25, 247 S. W. 199.] The court committed no error in overruling appellant's demurrer to the indictment.

Indictment.

II. In the motion for a new trial it is claimed that defendant's demurrer to the evidence should have been

sustained. The facts are fully stated heretofore, and disclose, that the State produced clear and con-

Demurrer. vincing proof tending to show perjury on the part of defendant. In the face of such substantial evidence, there was no impropriety in the court's overruling the demurrer to the evidence. [See authorities in the preceding paragraph.]

III. It is charged in above motion that the court failed to properly instruct the jury. Appellant has filed no brief in this court, and we are not advised as to the

Instructions. nature of this complaint. It does not point out any objections to the instructions given, nor does it attempt to advise the court as to any other instructions which, it is claimed, ought to have been given. This assignment of error is without merit and is so declared by this court in State v. Knight, 278 S. W. l. c. 1038-9, where authorities are cited.

IV. A new trial is asked: "Because the court erred in giving improper instructions to the jury." No particular instruction is designated, nor did the motion point

Particularization. out to the court *any* specific objections to the instructions given, or to either of them. Our ruling in State v. Knight, supra, also disposed of above assignment adversely to appellant's contention.

V. A new trial is asked: "Because the court erred in giving the Jury an oral instruction after the instructions had been read and the defendant's counsel had com-

Amending Instruction. menced his argument, which giving prejudiced the jury against the defendant and which instruction was improper." Instruction 2, given by the court, toward the conclusion, failed to contain, *after* the words, "on May 29, 1924," the following: "or at any time within three years of July 31, 1924, date of the filing of the indictment herein." The court, upon discovering that the above-quoted language was omitted from Instruction 2, where it properly belonged, amended

the instruction by inserting the same. The court had the legal right to make this amendment before the case was submitted to the jury, and defendant suffered no injury thereby. The original instruction numbered two was in writing and the amendment thereto was properly made by interlineation. This assignment is without merit and overruled.

VI. The appellant charges the court with error in overruling his application for a change of venue based on the alleged prejudice of the inhabitants of St. Charles County, Missouri, and of the inhabitants of the 35th Judicial Circuit in said State.

Change of Venue.

The application for a change of venue was filed on February 17, 1925. Without caption and jurat, it reads as follows:

"Now at this day comes the defendant and moves the court to grant him a change of venue herein to some circuit court of another county in another judicial circuit than the Thirty-Fifth Judicial Circuit and in support of this application defendant says:

"That the minds of the inhabitants of the county in which this cause is pending, to-wit, St. Charles County, and that the minds of the inhabitants of the Thirty-Fifth Judicial Circuit, are so prejudiced against the defendant that a fair trial cannot be had therein, and that he has just learned that such cause for a change of venue existed on this 16th day of February, 1925.

"That as soon as practicable after having ascertained that such a cause for change of venue existed this defendant caused notice of his intention to present this application to the court on this day to be served on the prosecuting attorney, as appears by said notice, and the service thereof on the prosecuting attorney, which is attached hereto and made a part hereof.

"Your petitioner further alleges that the county in which this cause is pending, to-wit, St. Charles County,

has a population of less than seventy-five thousand inhabitants and he attaches to this petition or application, in support thereof, the affidavits of five or more credible, disinterested citizens residing in different neighborhoods of the county where this cause is pending, as provided by Section 3973, Revised Statutes of Missouri for 1919, as found in the Session Acts for 1921 at page 206.''

Appellant filed in support of said application, the joint affidavits of the five persons mentioned therein, which, without caption, signatures and jurat, read as follows:

''J. G. Heady, E. A. Keithly, Ed. J. Schierbaum, Wm. Artkras, A. I. Schulz, John J. Wetter, Fred Dickherber and A. A. Bottani, being duly sworn upon their oaths, do jointly and severally say that these affiants, and each of them, are residents and citizens of St. Charles County, State of Missouri, and they make this affidavit in support of the application, or petition of the defendant, Neal Bradford, which is attached hereto, and on their oath they jointly and severally say, that each of said affiants have read the above and foregoing application for change of venue, and that they are acquainted with the contents thereof.

''Affiants jointly and severally each do say that the minds of the inhabitants of the Thirty-Fifth Judicial Circuit, are so prejudiced against the defendant that a fair trial cannot be had therein, and affiants further jointly and severally say that they are credible, disinterested citizens residing in different neighborhoods of the county, to-wit, St. Charles County, where his cause is pending, and that they are not related by blood or marriage to the defendant hereinabove named. And further affiants say not.''

A consideration of the application involves the interpretation of the law as it stood prior to 1921, and of Section 3973, Revised Statutes 1919, as enacted by the Laws of 1921, pages 206-7.

Section 3973, Revised Statutes 1919, as it stood prior to the enactment of the Law of 1921, reads as follows:

"The petition of the applicant for a change of venue shall set forth the facts or grounds upon which such change is sought, and such petition shall be supported by the affidavit of petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending, and the truth of the allegations thereof shall be proved, to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence in rebuttal of that submitted in support of such application; the court, or judge in vacation, shall fix the number of witnesses for which the State or county will be liable: *Provided,* that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney; *and provided further,* that if the facts alleged as the ground of the application be within the knowledge of the court or judge, he may order such removal of the cause without any such formal proof; *provided further,* that if the application shall allege prejudice of the inhabitants of more than one county in the circuit in which the case is pending, the court may, upon proof of the allegations as herein provided for, order the case sent to some county in another circuit."

The above section was said to be repealed, and a new section enacted in 1921 (Laws 1921, pp. 206-7), which reads as follows:

"The petition of the applicant for a change of venue shall set forth the facts or grounds upon which such change is sought, and such petition shall be supported by the affidavit of petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending and the truth of the allegations thereof shall be proved, to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence in rebuttal of that submitted in support of such application; the court, or judge in vacation, shall fix the number of witnesses

for which the State or county may be liable; provided, in all cases in counties in this State which now have or may hereafter have a population of less than seventy-five thousand inhabitants if such petition for change of venue is supported by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending, then the court, or judge in vacation, shall grant such change of venue, as of course, without additional proof; provided further, that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney; and provided further, that if the facts alleged as the ground of the application be within the knowledge of the court or judge, he may order such removal of the cause without any formal proof or the filing of affidavit; and provided further, that if the application shall allege prejudice of the inhabitants of more than one county in the circuit in which the case is pending, the court may, upon proof of the allegations as herein provided for, order the case sent to some county in the same or some other circuit where such causes do not exist.''

In State v. Tatlow, 136 Mo. l. c. 683, Judge BURGESS, in construing the statute as it existed prior to 1921, said: ''It not only requires the petition for change of venue to 'be supported by the affidavit of the petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending,' but it requires more, that is, that 'the truth of the allegations shall be proved, to the satisfaction of the court, by legal and competent evidence.''

It is manifest to those engaged in the practice of law, that the above requirements were cumbersome, and frequently entailed as much trouble and expense on litigants as the actual trial of cases on their merits. This is illustrated in State v. Rasco, 239 Mo. l. c. 549, where forty witnesses were examined on the application for a change of venue. Seventeen of these witnesses were produced by the defendant and twenty-three by the State. Twelve of defendant's witnesses testified that the prevailing

opinion in their respective communities was that defendant was guilty. Three of defendant's witnesses testified that many people had expressed themselves as being in favor of hanging the defendant without trial. The application for a change of venue was overruled. The jury returned a verdict of guilty, assessed the death penalty, and the ruling of the lower court in sustaining the verdict was affirmed here in a unanimous opinion by Judge FERRISS.

Leaving out of consideration the question as to whether the Act of 1921 is unconstitutional on account of the classification made as to counties, etc., we hold, that the members of the General Assembly, in order to get rid of the cumbersome and expensive provisions of the old law, intended to require that the petition for a change of venue should be signed by the applicant under oath, and supported by the affidavit of at least two credible disinterested citizens of the county where said cause is pending.

Thus far, the application is formal and the affidavits of the two witnesses are simply required to state, in substance, that the facts alleged in the petition are true. In lieu of a trial, as to whether the facts are sufficient to warrant a change, the Legislature in the above Act of 1921 has provided that the proof of such facts may be made by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending. In other words, the two disinterested witnesses who are to support the allegations of the petition, may reside in the same town with petitioner, but the five witnesses who are to furnish the proof of prejudice must reside in different neighborhoods, in order that the proof thus furnished is co-extensive with the boundaries of the county. In addition to foregoing, as the affidavits of these five or more persons from different neighborhoods are to operate as the proof of prejudice, in lieu of the inquiry conducted by the court as heretofore, the affidavits should state facts and not legal conclusions, so that the court can determine

whether the witness is competent to express an opinion on the subject. [State v. Smith, 281 S. W. 1. c. 38.]

We hold, that the court committed no error in over-ruling the application for a change of venue in this cause.

VII.   While the Act of 1921, Laws 1921, page 206, purports to repeal Section 3973 of Revised Statutes 1919, yet as the same law was re-enacted with a modification, it is simply an amendment of the law of 1919, and is a continuation of the latter as amended. [Brown v. Marshall, 241 Mo. 1. c. 728 and cases cited; State ex rel. v. Jost, 269 Mo. 1. c. 258 and cases cited.]

*Amendatory Act.*

VIII.   We have carefully examined the evidence and all the propositions of law involved in this case. We are of the opinion, that defendant was properly tried, and convicted upon substantial evidence. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. *Walker, P. J.,* concurs; *White, J.,* concurs in the result, in a separate opinion filed, in which *Blair, J.,* concurs.

WHITE, J. (concurring).—I concur in the result reached by RAILEY, C., in this case, but do not agree with him in the construction of Section 3973, Revised Statutes 1919, amended by the Act of 1921 (Laws 1921, p. 206). The section reads as follows:

*Change of Venue.*

"Section 3973.   *Petition for change of venue must be proved and may be rebutted.* The petition of the applicant for a change of venue shall set forth the facts or grounds upon which such change is sought, and such petition shall be *supported* by the affidavit of petitioner and the affidavit *of at least two credible disinterested citizens* of the county where said cause is pending and the truth of the allegations thereof shall be proved,

to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence in rebuttal of that submitted in support of such application; the court, or judge in vacation, shall fix the number of witnesses for which the State or county may be liable; *provided,* in all cases in counties in this State which now have or may hereafter have a population of less than seventy-five thousand inhabitants if such petition for change of venue *is supported by* the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending, then the court or judge in vacation, shall grant such change of venue, as of course, without additional proof; provided further, that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney, and provided further, that if the facts alleged as the ground of the application be within the knowledge of the court or judge, he may order such removal of the cause without any formal proof or the filing of affidavit; and provided further, that if the application shall allege prejudice of the inhabitants of more than one county in the circuit in which the case is pending, the court may, upon proof of the allegations as herein provided for, order the case sent to some county in the same or some other circuit where such causes do not exist.''

If the petition for change of venue is supported by the affidavits of two disinterested citizens, proof may be offered upon which the court will determine whether to grant the change of venue. But if the petition for change is supported by the affidavits of five disinterested citizens in different neighborhoods, then the change of venue shall be granted without additional proof. That does not mean that the five affidavits shall be filed in addition to the two affidavits, because the same language is used with reference to both. It is whether the petition is *"supported"* by the affidavits of two citizens, or *"supported"* by the affidavits of five citizens, and those affidavits filed with the petition when it is presented. The

five affidavits take the place of the two affidavits, and also dispense with additional proof. These five affidavits must come from citizens in different neighborhoods of the county. Therefore a joint affidavit would not satisfy the statute; there must be five separate affidavits which show the situation in five different neighborhoods of the county . When those five affidavits coming from five different quarters of the county show that prejudice exists against the defendant, then under the statute the prejudice is sufficient to authorize the change of venue without further proof. Therefore, the joint affidavit filed in this case is insufficient, and the ruling in respect to its insufficiency was proper.

For these reasons I concur in affirming the judgment. *Blair, J.,* concurs in these views.