THE STATE v. J. P. HANCOCK, Appellant.—7 S. W. (2d) 275.

Division Two, May 25, 1928.

*Geo. D. Sloan* for appellant.

*North T. Gentry,* Attorney-General, and *Hibbard C. Whitehill,* Special Assistant ·Attorney-General, for respondent.

DAVIS, C.—On April 1, 1927, the Prosecuting Attorney of Ripley County filed in the circuit court an information comprising two counts, in which defendant was charged in· the first count with carrying a concealed weapon, and in the second with possessing a dangerous and deadly weapon when intoxicated. On motion the court required the State to elect at the close of the State's case, the State electing to stand and the trial proceeding on the second count. The jury returned a verdict finding defendant guilty as charged in the second count of the information, and assessing his punishment at

256

two years in the penitentiary, defendant appealing from the judgment entered thereon.

The evidence adduced on the part of the State warrants the finding that, on March 13, 1927, defendant was arrested in the town of Doniphan, Ripley County, while abroad on the street, by a night watchman, who took him to the jail. On being searched, an automatic pistol, fully loaded with cartridges, was found in his possession, the sheriff and watchman testifying that they did not see him take a drink, but that defendant was drunk, that he talked incoherently, that the odor of liquor was upon his breath, and that he staggered and acted drunk. In his possession there was also found a full quart of whiskey and a pint bottle of whiskey, partly filled. Other facts will appear in the discussion of the issues raised.

I. The prosecution is based on Section 3275, Revised Statutes 1919, the apposite portion of which reads: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, . . . or shall have any such weapon in his possession when intoxicated," etc. We have examined the record proper in search of error, and conclude that error does not exist therein. We have also examined the evidence to determine whether the State made a submissible case, but as it is evident from the facts collated that such case was made, it would avail nothing to extend the discussion.

II. Defendant charges the court erred in overruling his applications for a change of venue, based on the prejudice of the inhabitants of the county. We judicially notice that Ripley County has a population of less than seventy-five thousand inhabitants. Section 3973, page 206, Laws 1921, applies. The pertinent portion thereof reads: "Provided, in all cases in counties in this State which now have or may hereafter have a population of less than seventy-five thousand inhabitants if such petition for change of venue is supported by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending, then the court or judge in vacation, shall grant such change of venue, as of course, without additional proof ." . ."

Omitting caption, signatures, verification and prayer for change of venue, on July 6, 1927, immediately preceding the trial, the record shows that defendant filed a verified application for a change of venue, reading: "Now comes the defendant in the above entitled cause and represents to the court that there is a charge pending in the Circuit Court of Ripley County, Missouri, against him, wherein

he stands charged with the crime of carrying concealed weapons and that he has good reason to believe and does believe that he cannot have a fair and impartial trial of said cause in the said Circuit Court of Ripley County, Missouri, because the inhabitants of the county are prejudiced against him.''

Accompanying said application were five affidavits of citizens of the county, of which, omitting caption, signatures and verification, the following serves as an example, reading: ''L. P. Napier of lawful age having been duly sworn upon his oath deposes and says that he has seen and read the above and foregoing application and affidavit of the defendant, J. P. Hancock, for a change of venue and that the facts stated therein are true to his best knowledge and belief, and that the said defendant cannot have a fair and impartial trial of said cause in the Circuit Court of Ripley County, Missouri, for the reasons stated therein. Affiant further states that he is not of kin to or counsel for the said J. P. Hancock, and that he is a credible disinterested citizen of the neighborhood of Doniphan, Ripley County, Missouri, and a resident thereof.'' The four other affidavits follow *in haec verba* the foregoing affidavit, except each affiant states that he is a resident of the neighborhood of Poynor, Gatewood, Briar Creek and Doniphan, Route No. 1, Ripley County, respectively. The record advises the court overruled the foregoing application.

Thereafter and immediately preceding the trial, defendant filed a second application for a change of venue which is a substantial duplication of the first application. In connection therewith, there was filed a supporting affidavit, subscribed and verified by two credible, disinterested citizens of the county, which, in substance, states that the facts in the application are true, that defendant cannot have a fair and impartial trial in said county for the reasons stated, and that the affiants are not kin to or counsel for defendant. Also accompanying said second application were six affidavits of citizens of said county, of which, omitting caption, signatures and verification the following is an example, reading: ''J. C. McManus of lawful age first being duly sworn upon his oath says that he has seen and read over the above and foregoing application and affidavit of the defendant, J. P. Hancock, for a change of venue and that the facts stated therein are true. That owing to the fact the jury was not notified to return to this court today and the further fact that there is a picked-up jury with which to try said cause; that there is a prejudice against a man charged with the crime with which defendant stands charged and that the defendant cannot have a fair and impartial trial of said cause in the Circuit Court of Ripley County, Missouri, for the reasons stated. Affiant further states that he is not of kin to or counsel for the said J. P. Hancock, and that he

is a credible disinterested citizen of the neighborhood of Briar Creek, Ripley County, Missouri, and a resident thereof.'' Identical affidavits of five others were filed, except that they show the affiants to be residents of the neighborhoods of Ponder, Bennett, Doniphan, Route No. 1, Doniphan, and Barkadora, Ripley County, respectively. This application for a change of venue was also overruled by the court.

We have held that the affidavits of these five or more credible, disinterested citizens must state facts and not legal conclusions. It will be noted that in the preceding portion of Section 3973, page 206, Laws 1921, relative to counties of more than seventy-five thousand inhabitants, the section prescribes that the allegations of the petition shall be proved, to the satisfaction of the court, by legal and competent evidence. The proviso, as to counties of less than seventy-five thousand inhabitants, merely substitutes the affidavits of the five or more citizens for testimony *ore tenus* in counties of more than seventy-five thousand inhabitants, it resulting that the affidavits of the five witnesses must present legal and competent evidence. In other words, the granting of the application must result from a relation of facts showing probative force. [State v. Stough, 2 S. W. (2d) 767; State v. Bradford, 314 Mo. 684, 285 S. W. 496.]

A reading of the first application for a change of venue advises that defendant states nothing more in it than that he has good reason to believe and does believe that he cannot have a fair and impartial trial, because the county inhabitants are prejudiced against him. The second application is like unto it. The affidavits supporting the first application merely state that, to the best knowledge and belief of affiants, defendant cannot have a fair and impartial trial for the reasons stated in the application. We are unable to find in either application or the affidavits supporting the first application the statement of any fact whatsoever. Legal conclusions only are found therein, and such are insufficient for the purpose intended. [State v. Lock, 302 Mo. 400, 259 S. W. 116.]

It is also evident from a reading of the affidavits supporting the second application that they are insufficient. While the affiants depose that the facts stated in the application are true, a reading of the application develops that it fails to state facts. The statement that there is prejudice against a man charged with the crime with which defendant stands charged, and that he cannot have a fair and impartial trial in Ripley County for the reasons stated, is a mere legal conclusion, for no fact is stated from which the court may determine the ultimate fact. In other words, the statement failed to develop on its face legal and competent evidence from which the court might determine whether defendant could have a fair and impartial trial. While, in asserting in the affidavits ''that the jury was notified

not to return to this court today, and the further fact that there is a picked up jury with which to try said cause," probative facts are stated, yet such facts do not tend to establish that the minds of the inhabitants of Ripley County were so prejudiced against defendant that a fair trial could not be held therein, on which ground (Sec. 3969, R. S. 1919) defendant applied for a change of venue. No error obtained in overruling either application.

III. Defendant further contends that the court erred in overruling his motion to quash the special panel of jurors selected by the sheriff to try the case. The evidence adduced on this subject shows that case was tried on Monday. On the preceding Saturday upon adjournment, the court instructed the jury to return the following Monday. However, upon notice that a change of venue would be applied for, the court informed such jurors as remained thereabout, that, as it was likely that a trial would not be had, they need not return, and that, in the event the application was overruled, jurors could be picked up. However, eight of the regular panel of jurors returned. The jurors picked up lived in Doniphan or vicinity. The court, on the Saturday before the trial, excused such jurors as remained thereabout of his own motion after adjournment of court.

Defendant on the trial denied being drunk or drinking. He admitted the possession of whiskey, stating that he had purchased it just before his arrest. He admitted the possession of the loaded pistol at the time of the search in jail, but stated that it had been given him to repair; that he carried it with him to deliver to the owner, but he was not at home, and that he had forgotten that he had it; and that someone loaded it without his knowledge, resulting that he was carrying it loaded unconsciously.

While Section 6617, Revised Statutes 1919, provides for the summoning of bystanders when regular jurors have been disqualified, or excused by the court, or for any reason fail to attend as such jurors, yet the concluding portion of said section reads: "*Provided,* that if it shall be necessary to fill vacancies in the jury panel for the trial of any one case the court may in its discretion order the sheriff to summon from the bystanders a sufficient number of qualified persons to fill such vacancies in such case."

It has been held that the statutory provision for the substitution of bystanders in the absence of regular or alternate jurors is merely directory and that the use of bystanders *in lieu* of regular or alternate jurors does not constitute error, unless it develops that defendant has been prejudiced in some way. [State v. Wheeler, 2 S. W. (2d) 777.] We are unable to perceive any prejudice resulting here.

260

There is nothing before us to show the prejudice of any juror or any partiality or unfairness on the part of any of them.

IV. The other errors complained of in the motion for a new trial are not properly before us, because the assignments are not sufficiently specific. [Sec. 4079, p. 198, Laws 1925; State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859.]

The judgment is affirmed. *Higbee* and *Henwood, CC.*, concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.