**STATE of Missouri, Plaintiff-Respondent,**

v.

**Carl Alda MARTIN, Defendant-Appellant.**

No. 51231.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, Martin M. Lipsitz, Special Asst. Atty. Gen., St. Louis, for respondent.

Graham & Hawkins, by David Brydon, Jefferson City, for appellant.

DONNELLY, Judge.

Defendant, Carl Martin, was convicted of escaping from a State institution, in which he was lawfully confined, by a jury in the Circuit Court of Cole County, Missouri, and his punishment was assessed at two years in the custody of the State Department of Corrections. V.A.M.S., § 557.-351 (Added Laws 1959, H.B. No. 10, § 1, as amended Laws 1961, p. 331, § 1). Following rendition of judgment and imposition of sentence in accordance with the verdict, an appeal was perfected to this Court.

On September 8, 1964, defendant was arraigned, was given an opportunity to exercise his right to be represented by counsel, defendant requested the trial court to appoint counsel in his defense, and counsel was appointed.

On September 17, 1964, defendant filed a Motion for Change of Venue from Cole County, Missouri, which was denied. Defendant, on October 7, 1964, entered a plea of not guilty.

The trial began on October 22, 1964, in the Circuit Court of Cole County, Missouri. Prior to trial, defendant asked that his court-appointed counsel withdraw from the case and that defendant be given counsel of his own choosing. A hearing was held in the trial court and his request was denied. Also, prior to trial, and with leave of court, the Information was amended so as to name defendant as "Carl Martin" rather than "Carl Alda Martin." The trial then proceeded before a jury.

Harry Lauf, clerk and custodian of the records of the Department of Corrections, identified copy of Sentence and Judgment on Plea of Guilty, Without Counsel, in the Circuit Court of Boone County, Missouri. This document, dated March 5, 1964, showed one Carl Martin entered a plea of guilty to uttering a forged instrument and was sentenced to two years in an institution to be designated by the Department of Corrections of the State of Missouri. Lauf also identified records showing defendant was received at the Missouri State Penitentiary on April 2, 1964, and subsequently was assigned to Algoa Intermediate Reformatory on May 5, 1964. Lauf stated that he had no records in his custody showing that the Boone County judgment had been set aside.

Cecil Riley, an officer at Algoa, testified that about 7 p. m. the evening of July 6, 1964, he was stationed on a watch tower inside a fence which extended around all of the buildings at Algoa. He saw three inmates outside the fence and observed them running east through a cornfield. Two of them ran across the railroad tracks and one stopped down by the railroad tracks. Riley sounded the alarm. Later, two of the inmates were captured on a hill beyond the railroad tracks and the other inmate was captured along the railroad tracks. The railroad is not on Algoa property. Riley identified the defendant in the courtroom as one of the inmates captured thereafter and returned to custody.

Calvin Beard, assistant superintendent at Algoa, testified that he captured one inmate after the inmate walked down the tracks. This inmate came out of the weeds and surrendered. Beard identified defendant as the man he captured. Defendant was apprehended a half-mile off the Algoa property. Beard, in company with one Lloyd Tatlock and one Herbert Rueff, employees at Algoa, returned defendant to Riley at the Algoa Administration Building. Tatlock and Rueff corroborated Beard's testimony and both stated that they knew defendant.

■ Defendant has filed no brief here. However, we will review all assignments of error properly preserved in his Motion for a New Trial and essential portions of the record. Rules 27.20 and 28.02 V.A.M.R.; State v. Deutschmann, Mo.Sup., 392 S.W.2d 279.

■ First, defendant alleges that he was denied his constitutional rights under the 1945 Missouri Constitution and under the Fifth Amendment to the Constitution of the United States because he had no hearing before a grand jury and was tried under an information rather than under an indictment. In State v. Cooper, Mo.Sup., 344 S.W.2d 72, 74, 75, this Court stated: "The contention that the portion of the Fifth Amendment of the Federal Constitution pleaded by defendant in bar of prosecution of him by the State of Missouri by an information instead of indictment for the offense of robbery is without merit. Article I, § 17, of the 1945 Constitution of Missouri, V.A.M.S. (in substance § 12, Article II, of the Constitution of 1875, as amended in 1900) provides: 'That no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies, * * *.' The Fifth

Amendment of the Constitution of the United States is a limitation only upon the powers granted to the government of the United States and constitutes no such limitation upon the governments of the several states. The provision of our State Constitution authorizing criminal prosecution of persons duly charged under the laws and in the courts of this State with felony by either indictment *or information* is not violative of the due process and equal protection of the laws clauses of the Federal Constitution, Amend. 14. Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111 [292], 28 L.Ed. 232; State v. Jones, 168 Mo. 398, 68 S.W. 566, 567; Lyle v. Eidson, 8 Cir., 182 F.2d 344, 345, certiorari denied 340 U.S. 837, 71 S.Ct. 22, 95 L.Ed. 614." There is no merit in defendant's allegation of error.

Defendant next attacks the form and substance of the Information, The Information reads as follows: *"INFORMATION* James T. Riley, Prosecuting Attorney within and for Cole County, Missouri, upon his oath of office informs the Court and charges as follows:

"That Carl Martin was duly convicted in the Circuit Court of Boone County, Missouri, of the crime of uttering a forged instrument, an offense punishable by imprisonment in the penitentiary, and in accordance with said conviction, Carl Martin was, on the 5th day of March, 1964, duly sentenced by said Court to imprisonment for a term of two years, and in accordance with said judgment and sentence, he was duly imprisoned in the Missouri State Penitentiary.

"That thereafter, on the 6th day of July, 1964, at Cole County, Missouri, the defendant, Carl Martin, was lawfully confined in the Intermediate Reformatory, an institution under the control of the State Department of Corrections of the State of Missouri, and the said Carl Martin did unlawfully and feloniously escape therefrom and

go at large, against the peace and dignity of the State.

> "/s/ James T. Riley
> James T. Riley
> Prosecuting Attorney

"Comes now James T. Riley, Prosecuting Attorney within and for Cole County, Missouri, and upon his oath deposes and says that all the facts and matters set forth and contained in the foregoing Information are true according to his best information, knowledge and belief.

> "/s/ James T. Riley
> James T. Riley
> Prosecuting Attorney

"Subscribed and sworn to before me this 7th day of August, 1964.

> "/s/ Guy M. Sone
> Clerk of the Circuit
> Court

(SEAL)

"WITNESSES FOR STATE

> Harry Lauf
> Ray French
> Lloyd Tatlock
> Cecil Riley
> H. H. Rueff
> Calvin Beard"

■ Defendant contends that the Information is insufficient in that it fails to show upon its face that it was signed by the Prosecuting Attorney. See Section 545.240 RSMo 1959 and Rule 24.16 V.A.M.R. Defendant's contention is not supported by the record.

■ Defendant next contends that the Information fails to show upon its face that the Prosecuting Attorney had before him a copy of an indictment or a copy of an information from Boone County, Missouri, showing that this defendant was legally and lawfully charged with the crime of uttering a forged instrument or that the defendant was legally and lawfully confined under the control of the Department of Correc-

tions under said charge. Defendant's contention is without merit.

The next contention made by defendant is that the Information fails to show upon its face that it was legally and lawfully made upon the oath of the Prosecuting Attorney so as to charge defendant with the crime of escape or to sustain the State's charge of escape or to show that this defendant was illegally or unlawfully at large from State property. Defendant also contends that the Court erred in failing to quash the Information alleging that the Information is so vague and indefinite that it does not sufficiently inform the defendant of the charge against him.

■ The record shows that the Information was made on the oath of the Prosecuting Attorney and fully informed the defendant of the offense of which he stood charged. V.A.M.S. § 557.351. (Added Laws 1959, H.B. No. 10, § 1, as amended Laws 1961, p. 331, § 1.)

■ Defendant's next contention is that the trial court erred in refusing to grant defendant a change of venue from Cole County, Missouri. Defendant alleged in his Motion for Change of Venue that " * * * the minds of the inhabitants of Cole County are so prejudiced against inmates of the Missouri Department of Corrections charged with escape in general and this defendant in particular that he cannot obtain a fair trial here." Five residents of Cole County made affidavits alleging that the matters set forth in said motion were true. We recognize that the five affidavits, had they stated facts and not mere conclusions, would have been sufficient to cause the Motion for Change of Venue to be sustained. However, in this instance, the affidavits were not sufficient. Section 545.490 RSMo 1959 V.A.M.S.; Rule 30.04 V.A.M.R.; State v. Bradford, 314 Mo. 684, 285 S.W. 496, and State v. Hancock, 320 Mo. 254, 7 S.W.2d 275, 276, 277. The trial court did not err in this regard.

■ Defendant next contends that the trial court erred in admitting the copy of the Boone County conviction because there was no connection shown between defendant and the conviction. This evidence was necessary to show that defendant was lawfully confined before he escaped. State v. Whalen, 98 Mo. 222, 11 S.W. 576; State v. King, Mo.Sup., 372 S.W.2d 857. The copy of the Sentence and Judgment or Plea of Guilty, Without Counsel, in the Circuit Court of Boone County, Missouri, revealed that one Carl Martin was the person sentenced. In proceedings under the Habitual Criminal Act, we have held the identity of names is prima facie evidence of identity and sufficient under said Act. State v. Reed, Mo.Sup., 298 S.W.2d 426, 428; State v. Collins, Mo.Sup., 394 S.W.2d 368, and State v. Madden, Mo.Sup., 394 S.W.2d 317, both filed October 11, 1965. Further, the trial court examined a photograph exhibited from the Department of Corrections, observed defendant in the courtroom, and expressly identified the defendant with the photograph. The trial court did not err in this regard.

■ Defendant next contends that the trial court erred in allowing the State to amend its information a few moments before trial to name as defendant "Carl Martin" rather than "Carl Alda Martin." The record shows that the Information was amended before the jury was sworn and that the amendment did not operate to charge an offense different from that charged in the original Information. There is no merit in defendant's contention. Section 545.300 RSMo 1959 V.A.M.S.

■ Defendant next contends that the trial court erred in not allowing defendant to dismiss his court-appointed counsel in order for defendant to procure other counsel. The record shows that defendant asked for his court-appointed counsel to withdraw from the case and that he be permitted to have counsel of his own choosing. His request was refused. Article I, § 18(a), Const. of Missouri, 1945, provides that "in crim-

inal prosecutions the accused shall have the right to appear and defend, in person and by counsel; * * *." See also Section 545.820 RSMo 1959 V.A.M.S.; Rule 29.01, V.A.M.R.; State v. Glenn, Mo.Sup., 317 S. W.2d 403. However, a trial court does not err in failing to appoint a lawyer of accused's own choosing. State v. Whitaker, Mo.Sup., 312 S.W.2d 34; State v. Sublett et al., 318 Mo. 1142, 4 S.W.2d 463. Here, the trial court examined the court-appointed counsel as to his qualifications and found them sufficient. We have examined the entire record and defendant was given a fair trial with able counsel. Defendant's allegation of error in this regard is without merit.

 Defendant's next contention is that the trial court erred in allowing into evidence the testimony of witnesses Harry Lauf and Cecil Riley and in not directing a verdict for defendant on the grounds that the State failed to make a submissible case. Harry Lauf identified the record of prior conviction and of defendant's lawful confinement prior to escape. We have concluded that there was a connection between the person referred to in these records and this defendant. Cecil Riley witnessed the escape and identified the defendant as one of the inmates captured after the escape and returned to custody. In 30A C.J.S. Escape § 26 c., p. 903, it is stated: "As a general rule, in a prosecution for an escape or a related offense, every material allegation of the offense must be established beyond a reasonable doubt." There is sufficient evidence that defendant, sentenced to the State Department of Corrections, escaped from a State institution in which he was lawfully confined. Section 557.351, supra. The jury found defendant guilty beyond a reasonable doubt. The State made a submissible case against defendant.

Defendant next contends that the court erred in giving an instruction on circumstantial evidence in that there was insufficient circumstantial evidence as a matter of law to sustain a conviction on a charge of escape. An instruction in sub-

stantially the same form was approved in State v. Jordan, Mo.Sup., 235 S.W.2d 379, 383. We have held the evidence sufficient to sustain the conviction. The trial court would have erred had the instruction not been given.

We have examined the record as required by Rule 28.02 V.A.M.R. The verdict found the defendant guilty "in the manner and form as charged in the information", and did not specify the offense. This form of verdict, while not encouraged, has been held sufficient where, as here, the instructions fairly submitted to the jury the facts charged in the information. State v. Hendrix, Mo.Sup., 310 S.W.2d 852, 857. The record shows that defendant was heard on his Motion for New Trial, appeared personally for judgment and sentence, was informed by the court of the verdict of the jury, and was asked whether he had any legal cause to show why judgment and sentence should not be pronounced against him.

We find no reversible error. The judgment is affirmed.