**Windsome PETERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15777.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Windsome Peters, hereinafter referred to as defendant, was convicted by jury verdict with punishment fixed at five years imprisonment for the crime of Robbery by Force in the District Court of Oklahoma County, Case No. CRF–69–1637. Judgment and sentence was imposed in accordance with the verdict on January 9, 1970, and this appeal perfected therefrom.

At defendant's trial, Clara L. Canon testified that on July 11, 1969, she ate dinner at O'Mealey's Cafeteria in the company of Ruth Boaz. As they left about 8:00 P.M. in the parking lot she was approached by a negro man who asked if she had a match. He then grabbed her and jerked her purse from her arm, forcing her to the ground. The purse was a straw summer purse. Before long someone brought a man back to the parking lot who looked "like the same man that jerked my purse," indicating the defendant.

Ruth Boaz testified that she ate dinner with Mrs. Canon that evening at O'Mealey's, and upon returning to the car they were accosted by a person asking for a match. He then wrenched Mrs. Canon's purse from her arm, knocking her down.

She identified defendant in the courtroom as the assailant. The assailant ran north, and Mrs. Boaz pursued him screaming. A Mr. Wimberly then took up the pursuit. Mrs. Boaz saw defendant about 12 minutes later accompanied by Mr. Wimberly.

James DeLaughter, 14 years old, testified that he and a friend had gotten cokes at a Dairy Queen that evening and were sitting in a back yard one block from O'Mealey's about 8:00 P.M., when they saw a negro male run around the corner with a straw purse in his hand. Wimberly came by and asked if they had seen anyone, and James told him the direction the man took. James identified defendant in court as the man with the purse.

Carl K. Wimberly testified that on this evening he was about to attend a movie when he was attracted by a commotion and complaint of purse snatching. He was told by James DeLaughter that a colored man carrying a purse had gone down the alley. Shortly he observed a person answering the description at Gambulos Liquor Store and prevailed on him to return to the O'Mealey parking lot, where a police officer took charge.

Officer Kirkwood of the Oklahoma City Police Department, testified about arresting defendant at the O'Mealey parking lot about 8:45 P.M. that evening.

Defendant testified that on that date he had been to a barber shop at 23rd and Eastern and was on his way to a Dairy Queen when his car ran out of gas about 23rd and Walnut. He walked to a filling station and was waiting for gas when Mr. Wimberly came by and picked him up. He denied taking the purse and denied being at the O'Mealey parking lot prior to the arrest.

The jury returned a verdict of guilty and fixed punishment at five years imprisonment. Defendant, an indigent, was represented at his trial and on appeal by court appointed counsel.

■ On appeal, defendant's counsel urges consideration of the evidence for sufficiency and punishment for excessiveness. From a review of the evidence, there can be no doubt that it was sufficient to support conviction. As stated in France v. State, Okl.Cr., 467 P.2d 526 (1970), another purse snatching conviction:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

■ As to the punishment, it was the minimum for the crime. 21 O.S.1961, § 798. Ridgeway v. State, 54 Okl.Cr. 388, 22 P.2d 932 (1933).

Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.