STATE OF IOWA, Appellee, v. CLEO LEETE, Appellant.

ROBBERY: Evidence—Sufficiency. Evidence reviewed, in a pros-
1 . ecution for robbery, and held sufficient to sustain a conviction.

CRIMINAL LAW: Trial—Instructions—Alibi. In a prosecution
2 for robbery, where the defendant claimed an alibi, an instruc-
tion that, if the evidence showed that defendant was at an-
other place, and could not have participated in the crime, and
if, from all the evidence, including that offered in support of
the alibi, the jury entertained a reasonable doubt as to the
guilt of the defendant, they should acquit, *held*, when taken
into consideration with the paragraph devoted to alibi, not er-
roneous in that the jury might have understood that, though an
alibi was proved, the defendant could not be acquitted unless
all of the evidence created a reasonable doubt.

ROBBERY: Instructions—Included Offenses. Where, in a prosecu-
3 tion for robbery, the defendant was convicted of robbery from
the person, failure of the court to charge on assault and bat-
tery as an included offense was not prejudicial to the defendant.

CRIMINAL LAW: Trial—Instructions—Included Offenses. In a
4 criminal prosecution, it is not error to fail to submit an in-
cluded offense as to which there is no evidence.

CRIMINAL LAW: Trial—Instructions—Method of Alteration. In
5 a criminal prosecution, where the instructions were altered by
drawing a line across the form of verdict, and across the por-
tion of the instruction relating to the submission of assault

and battery, such method of alteration was not open to the objection of being confusing and misleading to the jury.

CRIMINAL LAW: Trial—Instructions—Cautionary Instruction. In
6    a criminal prosecution, where a defense of alibi is presented, a cautionary instruction that the defense of alibi is easily manufactured, and that proof thereof should be scanned with care, is proper.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

OCTOBER 14, 1919.

DEFENDANT was convicted in the court below of the crime of robbery, and appeals from a judgment sentencing him to the Reformatory at Anamosa.—*Affirmed.*

*H. W. Brackney* and *George W. Finch,* for appellant.

*O. T. Naglestad* and *George Gorder,* for appellee.

STEVENS, J.—I. The evidence shows that the defendant, in company with Harry Newcomber, on the night of January 19, 1919, went to the home of Frank Watkins, in Sioux City, Iowa, apparently for the purpose of buying liquor; but, shortly after entering the house, Newcomber struck Watkins on the back of the head with a club, whereupon the defendant pulled a gun, shot once at the floor, and compelled Watkins to put up his hands, while Newcomber took a sum of money from his pockets.

1. ROBBERY: evidence: sufficiency.

The first contention of appellant is that the verdict of the jury is without support in the evidence. The testimony of Watkins upon the trial was positive, and sufficient, if believed by the jury, to justify a verdict of guilty. Watkins was also an "undesirable citizen," but the jury evidently believed from his testimony, together with the circumstances and subsequent conduct of the defendant and

his companion, as shown by the evidence, that the defendant was guilty.

II.   All other grounds relied upon for reversal are based upon alleged errors of the court in its instructions to the jury.   The defendant undertook to establish an alibi.   The court instructed the jury upon this question 2. CRIMINAL LAW: that the defense of alibi is as legitimate and trial: instructions: alibi. proper as any other defense, but that the burden of proving the same, by a preponderance of the evidence, rested upon the defendant, and that, if such defense was thus established, it would be sufficient. In a subsequent paragraph of the same instruction, the court told the jury that, if it found "from the evidence that, at the time of the transaction in question, by which the State relies to establish the connection of this defendant with and his participation in the robbery charged in the indictment, he was at another place, and was so far away he could not have been connected with or participated in the same, *and* if, from all the evidence, including that offered in support of this affirmative defense, you entertain a reasonable doubt as to the guilt of the defendant, then you will acquit." The objection to the instruction is in the use of the word "and," which is italicized above, instead of the word "or." The thought of counsel is that the instruction does not clearly apprise the jury that an alibi, if proven, constitutes a perfect defense, and that, by the use of the word "and" in the portion of the instruction quoted, the jury may have understood that, although an alibi was proven, the defendant could not be acquitted unless the evidence thereof, together with all of the testimony introduced upon the trial, created a reasonable doubt in the minds of the jurors of the defendant's guilt. The portion of the instruction complained of was certainly not prejudicial to the defendant. In the preceding paragraph of the same instruction, the court clearly stated that the defense of

alibi was as proper and legitimate as any other defense, but that the burden rested upon the defendant to establish the same by the preponderance or greater weight of the evidence. The court might, however, well have added to this part of the instruction that, if the defense was es tablished, the defendant should be acquitted; but we think the language used must have been understood by the jury that an acquittal should follow if the jury found that an alibi was proven. Under the portion of the instruction complained of, it was plainly the duty of the jury to ac quit if, upon consideration of all of the evidence offered, including that relating to the alleged alibi, it entertained a reasonable doubt of defendant's guilt. We think the instruction as a whole was substantially correct, and not, therefore, open to the criticism urged against it by counsel.

III. In addition to the charge of robbery, the court submitted, as included offenses, (a) larceny from the person, (b) assault with intent to commit robbery, (c) larceny, (d) simple assault. It is urged by

3. ROBBERY: in-
structions: in-
cluded offenses.
appellant that the court should also have submitted the question of assault and battery. The defendant was convicted of the principal offense charged. The failure, therefore, to instruct upon a minor offense included therein was not prejudicial to the defendant. *State v. Miller,* 124 Iowa 429; *State v. Sheets,* 127 Iowa 73. Furthermore, there was no

4. CRIMINAL LAW:
trial: instruc-
tions: included
offenses.
evidence that this defendant committed an assault and battery upon Watkins, and a conviction of that offense could not have been sustained. This court has frequently held that it is not error to fail to submit an included offense as to which there is no evidence. *State v. Snider,* 119 Iowa 15; *State v. Van Tassel,* 103 Iowa 6; *State v. Beabout,* 100 Iowa 155.

IV. Evidently, the court, at the time the instruc-

tions were written, intended to submit to the jury the question of assault and battery. Instead of rewriting the instructions, omitting reference thereto, a line was drawn across the form of verdict, and all other portions of the instructions relating to this offense, except a brief paragraph defining assault and battery. Appellant complains of this method of altering the instructions, and expresses the opinion that the jury may have been confused and misled thereby. We think this complaint without merit.

5. CRIMINAL LAW: trial: instructions: method of alteration.

V. The court also cautioned the jury that the defense of alibi is easily manufactured, and that proof thereof should be scanned with care. The instruction, in form and substance, is substantially identical with that usually given when this defense is relied upon, and is in harmony with the holding of this court in *State v. Whitbeck*, 145 Iowa 29, and *State v. Worthen*, 124 Iowa 408.

6. CRIMINAL LAW: trial: instructions: cautionary instruction.

VI. Other portions of the court's charge are criticised, but the criticism is without substantial merit. We have carefully examined the record, and find no reversible error therein. The judgment of the court is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.