J. B. BENTLEY et al. v. STATE.

No. A-9236.   Sept. 10, 1937.
(71 Pac. 2d 644.)

John Steele Batson, for plaintiffs in error.

Mac. Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiffs in error, referred to in this opinion as the defendants, were jointly charged with Robert Allen, Effie Bentley, and Ethel Wooten, of the crime of conjoint robbery; were convicted, and the defendant J. B. Bentley sentenced to the penitentiary at McAlester for a term of 16 years, and the defendant Bill Wooten was sentenced to the state penitentiary for a term of 12 years. Both defendants have appealed from the judgment and sentence to this court.

The defendants J. B. Bentley and Bill Wooten argue in their brief that the evidence is insufficient to sustain the judgment. Without setting out the evidence in detail, the evidence though conflicting is sufficient to sustain the judgment. The weight of the evidence was a question for the jury and will not be interfered with unless the verdict is clearly against the evidence or appears to have been influenced by passion or prejudice. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Clemmer v. State, 56 Okla. Cr. 354, 40 Pac. (2d) 37.

The first assignment of error of the defendants is that the court erred in its instruction to the jury in mat-

ters of law wherein the court, in instruction No. 12, instructed the jury in part as follows:

"If you find the defendants, either one or all of them guilty, as charged in the information in this case, it will be your duty to fix their punishment by imprisonment in the state penitentiary at any term not less than ten years (etc.)."

The defendants present their argument in support of their contention that the court erred in its instruction No. 12, when it instructed the jury that it might find the defendants or either of them guilty, and if they did find any of the defendants guilty they could impose a penalty upon them at any term in the state penitentiary not less than ten years. The defendants insist that under the law and the decisions of this court the minimum penalty for the crime charged against them is five years.

The information in this case in part charges:

"That J. B. Bentley, Bill Wooten, Robert Allen, Effie Bentley and Ethel Wooten, acting conjointly and together in the County and State aforesaid, on the day and year aforesaid, did willfully, wrongfully, unlawfully and feloniously, make an assault in and upon one Elbert Gillis with a certain weapon, to wit: a revolver, then and thereby putting said Elbert Gillis in fear of immediate injury to his life and person, by threatening to shoot the said Elbert Gillis, and did beat and bruise him, the said Elbert Gillis with their fists and by hitting him over the head with a beer bottle and did then and there by use of said force and putting in fear as aforesaid, unlawfully, wrongfully, willfully and feloniously and against the will of him, the said Elbert Gillis, take, steal, and carry away from the possession and person of the said Elbert Gillis, certain personal property, to wit: six dollars in good and lawful currency of the United States of America and one Elgin watch."

Section 2549, O. S. 1931 (21 Okla. St. Ann. § 797), defines "robbery in the first degree" as follows:

"Robbery, when accomplished by use of force, or of putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree. When accomplished in any other manner, it is robbery in the second degree."

The defendants in this case were convicted of "conjoint robbery," which is defined and the punishment provided for in section 2552, O. S. 1931 (21 Okla. St. Ann. § 800), as follows:

"Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly commits a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons is punishable by imprisonment in the penitentiary for not less than five years nor more than 50 years."

Section 2543, O. S. 1931 (21 Okla. St. Ann. § 801), defines "robbery with firearms or a dangerous weapon," as follows:

"Any person or persons who, with the use of firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the state penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

The foregoing sections of our statute have been set out in full for the reason it is clear from the charge in this case of conjoint robbery that the jury should have

been advised by the court in its instruction that the minimum punishment for conjoint robbery was five years. The different sections of the statute were construed and interpreted by this court in Ridgway v. State, 54 Okla. Cr. 388, 22 Pac. (2d) 932, in which this court in the body of the opinion held that the Legislature fixed the punishment for conjoint robbery at imprisonment in the state penitentiary for not less than five nor more than fifty years.

It follows that the court's instruction No. 12, in the part set out in this opinion, is erroneous, and that the judgment should be and is hereby modified by reducing the term of imprisonment of J. B. Bentley of 16 years to five years, and the sentence of Bill Wooten from a term of imprisonment of 12 years to a term of five years, and as modified the judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.