## MESCHEW v. STATE.

No. A-11871. Nov. 25, 1953.

(264 P. 2d 391.)

Rizley & Wilson, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, Kenneth Edgar Meschew, defendant below, was charged by information in the district court of Beckham county, Oklahoma, with the crime of robbery in the first degree (as defined, classified, and punishment described therefor in Title 21 O.S. 1951 §§ 791 et seq., 792, 793, 794, 797, 798), allegedly committed against Clifford Carl in Beckham county, Oklahoma, on or about August 6, 1952, in that he did take, steal and carry away from the said victim, by use of force and fear the sum of $120 in lawful money of the United States. The defendant was tried by a jury, convicted, and his punishment left to the trial court; which imposed judgment and sentence at a term of 5 years in the penitentiary, from which this appeal has been perfected.

The defendant complains that the typewritten instructions prepared by the trial court and submitted to the jury, and particularly as relates to instructions Nos. 10 and 13, were prejudicial to the defendant, in that in reference to the number of years of punishment by imprisonment in the penitentiary for the offense, the trial court struck out the typewritten word "ten" in both of said instructions by drawing two lines through said words and inserting directly above them the word "Five" in hand-written print enclosed in parenthesis. The correction by marking through the word "ten" and by interlineation of the word "five" above it was made in bright green ink, as was the signature of the judge. The defendants contend this condition of the said instructions Nos. 10 and 13 as hereinbefore described, caused the penalty to stand out, "with glaring emphasis". It is the defendant's position that the instructions containing both the words "ten" and "five" in the manner as hereinbefore set forth was confusing to the jury, and caused them not to agree on the penalty. We are of the opinion that this contention is without merit, since the instruction fixed the minimum at 5 years. It is apparent that there was no confusion as to the defendant's guilt or about the minimum penalty. The jury was in agreement as to the defendant's guilt but since they did not agree on the penalty and being advised that the minimum was 5 years in the penitentiary, it appears that this disagreement was not as to the minimum penalty but due to the fact that some of them wanted to impose more than the minimum prescribed by statute, hence their decision to leave the matter of punishment to the trial court to assess.

Counsel for defendant say they are unable to find any authority in point on the question, as to the court's right to thus interline his instructions to make them conform to the law. The cases they cite are not in point. They apply to giving undue emphasis to facts or items of evidence which is clearly not the issue herein involved.

The Attorney General wrongfully assumes the trial court was in error in changing the penalty from 10 years to 5 years under the authority of § 798, 21 O.S. 1951, fixing the minimum penalty for first degree robbery at 10 years, which has long since been held to have been repealed by implication, and the minimum penalty therefor made to harmonize with the statutes on conjoint robbery, Title 21 O.S. 1951 § 800, and robbery with a dangerous weapon, both of which fixed the minimum penalty therefor at 5 years in the penitentiary. In Ridgway v. State, 54 Okla. Cr. 388, 22 P. 2d 932, this court said:

"The contention is made that the court erred in instruction 5, in which the jury is told the minimum punishment for first degree robbery is imprisonment in the penitentiary for any term not less than ten years. The information charges a crime conjointly committed by 'Bill Ridgway and Allan Hunt.' Defendant Ridgway was tried separately. The statutes relating to the punishment for robbery in the first degree are somewhat involved. Before statehood, the territorial statute defined first degree robbery and fixed the punishment at imprisonment in the penitentiary not less than ten years. Section 2124, Stat. 1893 (see section 2550, Stat. 1931 [21 O.S. 1951 § 798]). In addition to the foregoing, there was also a territorial statute providing that conjoint robbery was punishable by life im-

prisonment in the penitentiary. Section 2126, Stat. 1893 (section 2552, Stat. 1931 [21 O. S. 1951 § 800]). This conjoint robbery statute contained no alternative. When the evidence disclosed that a robbery had been committed by two or more persons acting together, the court was required to instruct the jury that, in case they found defendants guilty, the punishment must be life imprisonment. As a matter of history, we know that this severe statute became law in various sections of the West or Central West to meet a condition of brigandage which had arisen, under which, generally, some outlaw leader would gather around him a band of kindred spirits to prey on society, by the robbery of stage lines, trains, banks, and other establishments. Later it became apparent such extreme punishment was the cause of numerous miscarriages of justice, since in many cases juries were unwilling to return verdicts which would be followed by life imprisonment, the only punishment permitted by the statute. After statehood, the Legislature, in 1909, amended the statute fixing punishment for conjoint robbery by providing imprisonment not less than five nor more than 50 years. Section 2373, R.L. 1910 (section 2552, Stat. 1931 [21 O.S. 1951 § 800]). Surely it was never the legislative intent to punish a person who, while acting alone, committed a robbery, by a longer term of imprisonment than that imposed where two or more persons acting together committed a robbery. It is self-evident that a robbery jointly committed by two or more persons is a more serious crime, and subjects the person to more danger of injury than a robbery committed by a single individual. The Legislature, in 1925, provided a minimum punishment of five years' imprisonment for robbery committed by the use of firearms or other dangerous weapons. Section 2543, Stat. 1931 [21 O.S. 1951 § 801].

"Again, it is self-evident that a robbery committed by the use of firearms or other dangerous weapons is generally a more dangerous class of first degree robbery than that committed in some other manner. It could never have been the legislative intent that a minimum punishment for robbery with firearms, or other dangerous weapons, should be imprisonment for five years while a first degree robbery committed in some other manner should carry a minimum punishment of ten years. To give section 2552 a literal construction without regard to any other statute, it would provide a less punishment for robbery in the first degree, committed by two or more persons acting together, than for robbery in the first degree by a person acting alone, and would provide a less punishment for one or more persons committing a robbery with firearms, or other dangerous weapons, than for a single individual committing a robbery in any other manner. Repeals by implication are not favored, but some latitude by way of implication may be indulged where a literal construction leads to an absurd result. Construing these various sections of the statute together, we are convinced they fix, by direct wording or by necessary implication, a minimum punishment for first degree robbery committed in any manner at imprisonment in the penitentiary for a term not less than five years." Bentley v. State, 62 Okla. Cr. 345, 71 P. 2d 644.

The Attorney General on an erroneous premise based on the provisions of Title 21, § 798, O.S. 1951, asserts the court erroneously sentenced the defendant to a term of 5 years, and hence it was error favorable to the defendant which he cannot assert on appeal. He further says, "If the court had erroneously instructed the jury as to a punishment higher than the minimum provided by law and the jury had convicted and fixed the punishment at such minimum, we can understand that the defendants might have been prejudiced. * * *" Finally he says, "We do not know the reason of the court's error, but it operated for the benefit of the defendants, and we can see no reason why the defendants have any right to complain". It is apparent therefore that he falls into the error which the trial court made in his instructions before correction thereof, relying on the provisions of Title 21, O.S. 1951 § 798, and undoubtedly before Ridgway v. State, supra, had been called to the trial court's attention. Therefore, the Attorney General's position is contrary to the interpretation made by this court in Ridgway v. State, supra, which we cite with approval, fixing the minimum penalty for robbery as defined and classified in the statutes, O.S.A. 1951, at 5 years. The trial court was not in error in changing the minimum penalty set

forth in .the instructions .originally at 10 years to conform to the interpretation of this court, Ridgway v. State, supra, to a minimum of 5 years.

It follows that the only issue in the case at bar is, Was there undue emphasis .on the term of punishment created by the interlineation hereinbefore described? We hold in light of the authorities on similar questions as herewith presented that such interlineation did not constitute ground for reversible error. 23 C.J.S., Criminal Law, § 1301, (subsection [b]), page 887, Notes 50, 51, states the rule applicable hereto, as follows:

"An amendment or alteration of written instructions by interlineation is unobjectionable, unless it is so interlined and marked up as to be unintelligible to the jurors."

State v. Leete, 187 Iowa 305, 174 N.W. 253, wherein it was said:

"Where the court evidently at the time the instructions were written intended to submit a minor offense, and, instead of rewriting the instructions, drew a line across the form of verdict and portions of the instructions relating thereto, such method of altering the instructions is not open to objection as misleading."

State v. Newcomber, Iowa, 174 N.W. 255. State v. Bradford, 314 Mo. 684, 285 S.W. 496, 498, wherein the court inserted by interlineation in its instructions, after setting out the date of the offense, "Or at any time within three years of July 31, 1924, date of the filing of the indictment herein." It was held this was not prejudicial to the defendant. But in State v. Ervin, 344 Mo. 1029, 130 S.W. 2d 580, where the instructions were partly in longhand, so lined, interlined, and marginal written as to be nondecipherable and unintelligible by the jurors, was held to constitute reversible error. We therefore believe the proper rule in such situation would be that while interlineation should be avoided as much as possible in preparing instructions, where the same are necessary to correct or amend written instructions to conform to the law and the instructions together with the interlineations are such as to be clearly intelligible to the jurors, such interlineations are permissible, and will not constitute reversible error. Here the jurors could not have been misled by the change in the instructions, since they were clearly decipherable and intelligible.

For the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.