Leo Franklin COLEMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–533.

Court of Criminal Appeals of Oklahoma.

July 9, 1975.

Rehearing Denied July 28, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Leo Franklin Coleman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–3434, for the offense of Robbery in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 791. His punishment was fixed at ten (10) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was O. R. Summers, a detective in the Robbery Division of the Oklahoma City Police Department. Detective Summers testified that on November 20, 1973, a robbery had been reported at a U–Tot M Store. The alleged robbery had been committed at approximately 2:50 a. m. and, when Officer Summers arrived at work later that morning, he was assigned to investigate the robbery. Based on the investigation, Officer Summers arrested the defendant, Leo Franklin Coleman, and placed the defendant in a lineup where he was immediately and positively identified by the clerk who was working at the store at the time of the robbery.

The State's next witness was Jack Beck, clerk of the U–Tot M Store, who reported

the alleged robbery. Beck positively identified the defendant as the man who had robbed him on the 20th day of November, 1973. Beck testified that the defendant said that he had a gun and that he wanted all the money he had. Beck gave the defendant thirty-eight ($38.00) dollars, which was the entire amount of money in the cash register. Beck had seen the defendant in the store some time prior to the robbery and as a result had no trouble identifying the defendant in the police lineup.

The State then rested.

The defendant called as his first witness Rhonda Biswell. Rhonda Biswell and her husband, Louis Biswell, shared an apartment with the defendant and his girl-friend, Kathy Ann Cox. The witness testified that on the night of the alleged robbery, from 7:00 p. m. until 10:00 a. m. the next morning the defendant was in the apartment except for approximately 30 minutes between 12:00 midnight and 12:30 a. m. when the defendant and Kathy Ann Cox went to pick up her father's car. However, on further questioning she testified that she and her husband had gone to bed in the bedroom at about 1:30 a. m. and the defendant and Kathy Ann Cox were going to sleep in the living room near the front door. The witness testified that she went to sleep soon after she went to bed and that she did not see the defendant again until 10:00 a. m. the following morning when she got out of bed.

The defendant next called Louis Biswell, the husband of Rhonda Biswell, defendant's first witness. Louis Biswell testified substantially the same as his wife. He stated he went to bed and got up with his wife the next morning. Biswell did not hear the defendant leave, but he did not know whether or not the defendant had stayed in the apartment the entire night.

The defendant called as his third witness Kathy Ann Cox, girlfriend of the defendant. She testified that she did not go to sleep until about 3:30 a. m. and that the defendant did not leave the apartment except for the period between 12:00 midnight and 12:30 a. m. when they left together to pick up her father's car.

Thereupon, the defense rested.

Since the defendant was charged with Robbery in the First Degree, After Former Conviction of a Felony, there was a bifurcated proceeding. In the second stage of the trial the defendant stipulated to the former conviction. In instructing the jury as to the second stage of the proceedings, the trial court informed the jury that if they did not find the defendant guilty on the charge of the former conviction they would assess punishment as though he were a first offender, with a minimum sentence of ten (10) years; and, if they did find the defendant guilty on the charge of the former conviction, they would assess punishment as a subsequent offender with a minimum sentence of ten (10) years' imprisonment.

Also in the second stage of the trial, as can best be determined from the record, the jury was only given one verdict form, that being "Guilty as Charged of Robbery in the First Degree, After a Former Felony Conviction." The jury returned the "guilty" verdict form with the signature of the foreman and assessed punishment at ten (10) years.

The defendant predicates this appeal on the erroneous instruction as to the minimum penalty for robbery in the first degree and on the failure of the trial court to submit a verdict form of "Not Guilty of Robbery in the First Degree, After a Former Felony Conviction," hereinafter referred to as "not guilty," as well as a verdict form of "Guilty of Robbery in the First Degree, After Former Conviction of a Felony," hereinafter referred to as "guilty."

■ First of all, by this Court's holding in *Meschew v. State*, 97 Okl.Cr. 352, 264 P.2d 391 (1953), the statute, 21 O.S.1971, § 798, which established the ten (10) year minimun sentence for robbery in the first degree was impliedly repealed and changed to a minimum of five (5) years' imprison-

 

ment. Therefore, the defendant's allegation that the instruction was erroneous is correct. However, the consequence of this error will subsequently be discussed in relation to the entire assignment of error.

The defendant maintains that the proximate result of the alleged error, both the erroneous instruction and the failure to submit the "not guilty" verdict form, was to deny the jury of the opportunity to find the defendant guilty as only a first offender. The defendant submits that the only verdict the jury could return was one of guilty after former conviction of a felony. The defendant cites, on behalf of this contention, *Shirey v. State*, Okl.Cr., 321 P.2d 981 (1958); *Skaggs v. State,* Okl.Cr., 339 P.2d 1077 (1959); *Rice v. State,* 60 Okl. Cr. 398, 64 P.2d 1240 (1937). However, in reviewing these cases it can be seen that they do not involve the stipulation to the former convictions as does the instant case. Also, in *Shirey v. State,* supra, this Court stated that had there been a stipulation to the former conviction the need for providing the jury with the instructions as to punishment as a first offender would have been eliminated. This Court held in *Jones v. State,* Okl.Cr., 527 P.2d 169 (1974), which followed *White v. State,* Okl.Cr., 520 P.2d 368 (1974), that when the defendant stipulates to the former conviction there is no fact left for the jury's determination. In *White v. State,* supra, this Court distinguishes the cases cited by the defendant on the basis that even though the evidence is uncontroverted as to the former convictions there is still a determination for the jury to make, but where the defendant stipulates to the former conviction it is a fact already established and is to be used by the jury in assessing the punishment of the defendant. Such a stipulation totally eliminates the need for instructions allowing the jury to assess punishment as a first offender. In light of *Jones v. State,* supra, and *White v. State,* supra, the erroneous instruction is irrelevant. There was no need for the instruction as to punishment as a first offender

and, consequently, no harm could have resulted therefrom. And, this Court has held in *Murphy v. State,* 72 Okl.Cr. 1, 112 P.2d 438 (1941), error without injury will not serve as a basis for reversal.

Also, in relation to the failure of the trial court to submit the "not guilty" verdict form, such was not error in light of *Jones v. State,* supra, and *White v. State,* supra. The fact of guilt was established by the stipulation and the jury had only to assess the penalty.

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, *affirmed.*

BUSSEY, J., concurs.

BRETT, P. J., concurs in results.