**Jim LEEPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–76–270.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1976.

Rehearing Denied Sept. 28, 1976.

Hubert Hargrave, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jim Leeper, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Seminole County, Case No. CR–75–145, for the crime of Robbery by Force, After Former Conviction of a Felony. The defendant was sentenced under 21 O.S.1971, § 791, 21 O.S.1971, § 798 and 21 O.S.1971, § 51. At a bifurcated trial the defendant was found guilty of the crime of Robbery by Force in the First Degree, After Former Conviction of a Felony. The jury assessed punishment at a term of fifteen (15) years' imprisonment. On the same day the trial judge entered a subsequent Judgment and Sentence sentencing the defendant for the crime of Robbery by Force in the First Degree, After Former Conviction of a Felony, for a term of five (5) years' imprisonment. From such judgment and sentence, the defendant has filed this timely appeal.

For its case in chief, the State called four witnesses. The first witness was the victim, John Slay. Mr. Slay testified that on the evening of July 9, 1975, he was attacked and robbed by two men, one of whom he identified in court as the defendant. Mr. Slay stated that the defendant hit him seven or eight times with a shovel, which he also identified in court, and took his wallet.

The next witness was Mike Reynolds of the Seminole Fire Department who testified that on the evening of July 9, 1975, he heard screams for help emanating from an alley near the fire station where he was employed. Upon investigation, he discovered two men beating the victim. This witness was unable to identify either of the assailants whom he had seen on that evening. He did, however, identify a pillowcase which he had used to stop the bleeding on John Slay's head.

The next witness was another Seminole fireman, Jerry Bowen, who testified that he observed the two men who had assault-

ed John Slay but was unable to catch them. He did observe a white Ford automobile and did obtain the license number of that car.

Finally, Officer Claude Free of the Seminole Police Department testified he arrested William W. Miller, one of the co-defendants, after conducting an investigation of the automobile and license number. Officer Free's testimony revealed that after advising co-defendant Miller of his *Miranda* rights and conducting further investigation, he did, in fact, arrest the defendant some four to five days later. The State then rested.

The primary defense of the defendant was that of an alibi. Mr. Charles Booth, an employee of the City of Hugo, testified that he saw defendant in Arthur City, Texas, on July 8, 1975, at 3:30 p. m. He further testified that it was his opinion that it was impossible for defendant to drive from Arthur City, Texas, to Seminole, Oklahoma, in time to commit the offense charged.

The defense then called Paul L. Stringfellow who testified that he saw defendant in Ladonia, Texas, at 3:30 p. m. on July 9, 1975, at which time defendant shod the witness' horse, and that the defendant remained in Ladonia, Texas, overnight.

On rebuttal, the State called Jim Downing, Seminole Police Lieutenant, who testified that he had investigated this incident which had occurred at approximately 10:33 p. m. on the 9th day of July 1975. It was Lieutenant Downing's opinion that it was possible for defendant to have traveled from Texas to Seminole, Oklahoma, and to have committed the offense.

█ The defendant's first assignment of error is that the trial court erred in failing to grant defendant's motion for a severance from his co-defendant. The record reveals that the defendant was tried together and simultaneously with his co-defendant, William W. Miller. The defendant had moved for a severance and the same was overruled by the trial court. The only argument made by defendant in

this regard is that while he had an alibi defense, the co-defendant had none. We find no merit to this argument. The record in this case is void of any showing that the defendant was deprived of his fundamental rights by the lack of a severance. Defendant fails to cite any authority or make any argument in this regard. This Court has held on numerous occasions that it will not search the books for authorities to show that the trial court erred. See, *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970); *Bryant v. State,* Okl.Cr., 478 P.2d 907 (1970); *Sanders v. State,* Okl.Cr., 461 P.2d 964 (1969); and, *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). Therefore, we hold this assignment of error to be without merit.

Since this is the only assignment of error that has to do with the case in chief, that is, the finding by the jury that the defendant was guilty as charged, we hold that the case in chief should be, and is hereby, affirmed.

█ This leads us to a consideration of the defendant's assignment of error that the case should be reversed and remanded for the reason that the defendant's former conviction was void because the record does not reflect he was represented by counsel in the Garvin County District Court when he was sentenced to a term of ten years' imprisonment for the crime of Manslaughter in the First Degree, on the 15th day of December, 1952. In this case we note that after the jury had returned a verdict of guilt in the first stage of a two-stage proceeding, counsel for the defendant and the State stipulated to the prior conviction sustained in Garvin County for Manslaughter in the First Degree, and that the same had become final. Although some reference is made to exhibits, they were not included in the record before us, and the Court accordingly, directed, and has received a copy of the judgment and sentence and the minute docket in Garvin County which record reflects that the defendant was convicted by a jury, while represented by counsel, Mr. W. D.

Hart, and judgment and sentence was entered on the 15th day of December, 1952 for the crime of Manslaughter in the First Degree, assessing his punishment at ten years' imprisonment, and no appeal was perfected therefrom.

This is the identical conviction to which counsel stipulates and the records of Garvin County reflect that the defendant was represented by counsel. We, accordingly, find this assignment of error to be without merit.

After the stipulation was entered into by counsel, the Court improperly instructed the jury on Robbery by Force (first offense) and in said instruction informed the jury that the punishment therefor was a minimum of ten years. The court also properly instructed the jury that the punishment for Robbery by Force, After Former Conviction of a Felony provided a minimum sentence of ten years' imprisonment, and after receiving these instructions, the jury retired to deliberate, found the defendant guilty of Robbery by Force in the First Degree, After Former Conviction of a Felony, and assessed his punishment at fifteen years' imprisonment.

In the Transcript of Hearing on Motions and Sentencing, while the defendant was present and represented by counsel, the court orally pronounced judgment and sentence against the defendant and stated, as follows:

"THE COURT: I also have a presentence report in your case, which I've read, and it will be made a part of the record. And at the trial of this case, on September 22nd and 23rd, the jury returned a verdict of guilty against you, and then were sent back to assess punishment, and the Instructions incorrectly stated the punishment for Robbery in The First Degree, but the Instructions on Robbery In The First Degree After Former Conviction was correct, and the jury did find you guilty of Robbery in the First Degree After Former Conviction and assessed your punishment at fifteen years. So, I find that the error in the Instructions is not important in the disposition of your case for the reason that the Instructions that the jury used in assessing your punishment on the crime they found you guilty on was correct.

"MR. HARGRAVE: What about the instruction you first gave them?

"THE COURT: On ten?

"MR. HARGRAVE: That they—

"THE COURT: Well, the instruction of the minimum of ten years should they find the Defendant guilty of Robbery By Force In The First Degree After Former Conviction was correct, and they did find him guilty of that offense. So, the error on instructing them on Robbery In The First Degree is not important for the reason that they did not find him guilty of that offense.

"Okay. If there is nothing further, at this time I will impose judgment and sentence, and you are sentenced to serve fifteen years in the custody of The Department of Corrections of The State of Oklahoma, and you are committed to the custody of the Department of Corrections of The State of Oklahoma."

Thereafter, a formal judgment and sentence sentencing defendant to fifteen years' imprisonment was entered.

Defendant now contends that the court committed reversible error when he instructed that the minimum punishment for Robbery by Force, first offense, was a minimum of ten years. The identical situation here presented was before this Court in *Coleman v. State*, Okl.Cr., 540 P.2d 1185 (1975), wherein we stated:

". . . This Court held in *Jones v. State*, Okl.Cr., 527 P.2d 169 (1974), which followed *White v. State*, Okl.Cr., 520 P.2d 368 (1974), that when the defendant stipulates to the former conviction there is no fact left for the jury's determination. In *White v. State*, supra, this Court distinguishes the cases cited by the defendant on the basis that even though the evidence is uncontroverted as to the former convictions there is still a determination for the jury to make, but

where the defendant stipulates to the former conviction it is a fact already established and is to be used by the jury in assessing the punishment of the defendant. Such a stipulation totally eliminates the need for instructions allowing the jury to assess punishment as a first offender. In light of *Jones v. State,* supra, and *White v. State,* supra, the erroneous instruction is irrelevant. There was no need for the instruction as to punishment as a first offender and, consequently, no harm could have resulted therefrom. And, this Court has held in *Murphy v. State,* 72 Okl.Cr. 1, 112 P.2d 438 (1941), error without injury will not serve as a basis for reversal."

After sentencing the defendant in accordance with the verdict of the jury, the trial judge had second thoughts and on the same day directed the preparation of another judgment and sentence which was accordingly entered in which the defendant was sentenced to five years' imprisonment for the offense of Robbery by Force in the First Degree, After Former Conviction of a Felony. The formal judgment and sentence first entered was a proper one. The trial court's entry of a second judgment and sentence purporting to fix the punishment at a term of five years' imprisonment for the offense of Robbery by Force in the First Degree, After Former Conviction of a Felony was not in accordance with the verdict of the jury and was, accordingly, contrary to this Court's holding in *Luker v. State,* Okl.Cr., 552 P.2d 715 (1976), wherein we stated:

". . . In any event, the trial court clearly exceeded its authority in modifying the sentence assessed by the jury. In *Bean v. State,* 77 Okl.Cr. 73, 138 P.2d 563 (1943), this Court recognized that where the jury declare the punishment in their verdict within the limitations fixed by law, the district courts of this State must render a judgment according to such verdict and are without authority to modify the punishment assessed by the jury in pronouncing judgment upon the

conviction. In such a case, authority for judicial modification of the sentence is vested exclusively in this Court. . . . Accordingly, we approve and adopt as a holding of this case the foregoing observation from *Bean* . . . and are of the opinion that the trial court must be directed to enter its order correcting the judgment and sentence to conform to the verdict of the jury with respect to the punishment imposed therein. . . ."

In accordance with *Luker v. State,* supra, the trial court is directed to recall the second judgment and sentence entered assessing the punishment at five (5) years' imprisonment and vacate said judgment and sentence, which leaves in force and effect the judgment and sentence first entered of fifteen (15) years' imprisonment, in accordance with the verdict of the jury.

For all of the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED WITH DIRECTIONS.*

BRETT, P. J., and BLISS, J., concur.