Samuel WHALEY a/k/a Curtis L. Whaley, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–774.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

Mike Norman, Muskogee, for appellant.

## OPINION

BLISS, Judge.

The appellant, Samuel Whaley a/k/a Curtis L. Whaley, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Muskogee County, Case No. CRF-75-24, for the offense of Lewd Molestation, After Former Conviction of a Felony. From a jury sentence of twenty (20) years in the State Penitentiary, defendant perfects this timely appeal.

The evidence displayed that on January 21, 1975, the victim, a female person of the age of thirteen (13) years, had gone to a local grocery store with one Bobby Carter, where she accepted a ride home from defendant. After driving around for a few minutes the defendant drove north of Muskogee, parked the car and forced certain lewd and salacious acts upon the victim. The victim said she had known the defendant for two years as a friend of her father. She also stated she had been in the defendant's car on a prior occasion. Upon returning home, the victim's mother noticed "she was in a daze," and after learning of the evenings events, she took the girl to Muskogee General Hospital. An examination by Dr. C. T. Morgan disclosed no bruises or other evidences of violence, although he did notice an irritation on the vaginal lip. While such an irritation could be caused by clothing Morgan said, such was not the normal case.

The defendant's evidence revealed an alibi defense, which found the defendant in Tulsa on the night in question. Also, the defendant's car was witnessed on the road to Tulsa at the time the alleged offense occurred.

The defendant's first assignment of error asserts that the vagueness of the statute forces it beyond the realm of due process, its ambiguities making it unconstitutional. The defendant displays the correct format for evaluating the constitutionality of the statute to-wit: is the expression of the crime so clearly explicit that every person of ordinary intelligence may understand the specific provisions thereof, and determine in advance what is and what is not prohibited? *Lock v. Falkenstine*, Okl.Cr., 380 P.2d 278 (1963), *United States v. Brewer*, 139 U.S. 278, 11 S.Ct. 538, 35 L.Ed. 190 (1891). The defendant makes an unwarranted application of this test to his case. The statute says, inter alia, it is criminal to ". . . intentionally and designedly look upon . . . the body . . . of any child under the age of fourteen in a lewd or lascivious manner . . . ," and it is defendant's contention that lewdness may be in the eye of the beholder i. e., what seems to be a compassionate and loving hug to one party may be an obscene action to another. The defendant makes an unreasonable interpretation of the statute. The night and day distinction between acts of compassion and those motivated by wanton salacity is one which the reasonable person could not confuse. Title 21 O.S.1971, § 1123, does not border on the realm of unconstitutionality, rather it is well within the walls of due process.

Secondly, the defendant assigns as error the trial court's refusal to instruct the jury as to the crime of contributing to the delinquency of a minor. Undeniably, the trial court should incorporate instructions as to lesser included offenses, but only when the evidence warrants the inclusion. *Moody v. State*, 11 Okl.Cr. 471, 148 P. 1055; *Kilpatrick v. State*, 71 Okl.Cr. 129, 109 P.2d 516 (1941). It is this subsequent qualification, requiring the presence of some evidence to support the lesser offense, which closes the doors of justifiable reversal to defendant's declaration of error. There was nothing presented in evidence which proposed any instigation or enticement by defendant. He did not lead

the victim toward the delinquent acts, he forced actions upon her, and from her, which she could not physically repel. In view of the absence of any evidence supportive of the lesser charge, the judge did not err in refusing the relative instruction.

▮ As his third assignment of error, the defendant contends that the jury was sufficiently confused by the judge's interlineations as to deny defendant a fair trial. The defendant refers to Judge Haworth's actions in response to an inconsistency between the statement of the case and the jury instructions, which dealt with the age of the victim. A simple deletion and substitution were made and the case was resubmitted to the jury. One treads on thin ice when jury deliberations are interrupted, for the alterations are emphasized and potentially more persuasive. Additionally, interlineations can confuse the jury and prejudice the defendant. Still, such interventions are necessary, and even the obligations of the court, when errors or inconsistency exist. *Elms v. State*, 53 Okl.Cr. 268, 10 P.2d 728 (1932). When such disruptions occur they will be studied carefully, but will not constitute reversible error unless they are so unintelligible as to distort the evidence and confuse the jury. *Meschew v. State*, 97 Okl.Cr. 352, 264 P.2d 391 (1953). No such error occurred here.

▮ The defendant's fourth assignment of error imparts that he was denied a fair and impartial jury trial due to alleged "highly prejudicial influences" emanating from the bench. The defendant's bases for this contention is Judge Haworth's subsequent removal from the bench and the "popular suspicions" surrounding the Judge. We find this assignment of error to be without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., concurs in result.

BUSSEY, J., concurs.