21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Keith Lamar ORANGE, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General, of the State of
Oklahoma, Respondents-Appellees.
 No. 93-6346.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.[2]
 
 
 2
 Petitioner-Appellant, Keith Lamar Orange, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Orange pled guilty to first degree robbery in the District Court of Oklahoma County on January 25, 1989 and was sentenced to a term of fifteen years in prison, a term that was part of his plea bargain. Under Oklahoma law, Orange had ten days from the date of the pronouncement of his judgment and sentence in which to withdraw his plea of guilty. 22 O.S. Ch. 18 App. Rule 4.1. He claims that he sent a letter to his retained counsel directing him to withdraw the plea on January 30, 1989. No appeal or motion to withdraw was filed within the required time period.
 
 
 3
 On June 7, 1990, Orange filed an application for post-conviction relief with the state trial court, claiming that he had been denied effective assistance of counsel and that his plea was coerced. Orange did not mention the alleged letter to his attorney. The trial court denied the application for relief on the grounds that it was procedurally barred, but outlined the procedure for taking an appeal out of time in the Oklahoma state courts. The Oklahoma Court of Criminal Appeals affirmed.
 
 
 4
 Petitioner then filed an application for an appeal out of time with the trial court, pursuant to 22 O.S. 1080 et seq., claiming that he had been denied a direct appeal through no fault of his own because his attorney did not file an appeal despite the letter that Orange allegedly sent to him. The trial court again denied relief, and was affirmed by the Oklahoma Court of Criminal Appeals because Orange had not attached a copy of the letter to his motion or presented it to the district court. Orange v. State, No. PC-91-726 (Okl.Cr. October 16, 1991).
 
 
 5
 Orange then filed another application for an appeal out of time, identical to the previous one, but this time appending a copy of the letter he claimed to have sent to his attorney. The trial court denied the motion because Orange could not explain why he could not have raised the letter issue or provided a copy of it in an earlier appeal. The trial court also noted that the date of the letter's verification by a notary public was more than four years prior to the expiration of the notary's commission. Oklahoma notaries' commissions are limited to four years. The Court of Criminal Appeals again affirmed for the reasons the trial court cited. Orange v. State, No. PC-92-444 (Okl.Cr. August 11, 1992).
 
 
 6
 In his last action in the Oklahoma courts, Orange filed his fourth request for post-conviction review, which was denied by the trial court and the Court of Criminal Appeals on the grounds of res judicata and, alternatively, waiver due to procedural default. Orange v. State, No. PC-93-231 (Okl.Cr. March 23, 1993).
 
 
 7
 Orange commenced this habeas action in the United States District Court for the Western District of Oklahoma, claiming three grounds for relief: 1) ineffective assistance of counsel; 2) illegal imposition of his fifteen year sentence; and 3) inaccurate information at his plea hearing, because the minimum sentence for the crime to which he pled under Oklahoma law should have been five years instead of the ten years he was told he would face as a minimum sentence. Oklahoma claims that this habeas action is barred by Orange's procedural default and that Orange has failed to show cause why he could not meet the procedural requirement. Oklahoma also argues that dismissal of Orange's petition based on the procedural default would not result in a miscarriage of justice. Orange replies that the ineffective assistance of his counsel was the cause of his failure to meet the Oklahoma appeal or withdrawal of plea requirements.
 
 
 8
 The district court referred this matter to the magistrate judge. In its recommendation, the magistrate judge found that Orange failed to show an external cause for his failure to conform with the Oklahoma procedural requirements. The magistrate judge found that Orange could not show that his counsel was ineffective when he did not file a motion to withdraw Orange's plea within ten days, because Orange had failed to show that he had actually sent a letter requesting such action to his attorney within the ten-day period. The magistrate judge noted the Oklahoma courts' skepticism about the genuineness of the letter due to the problem with the notary's verification and the fact that the letter did not turn up until Orange's third post-conviction application. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir.1989) (in a 2254 action, a presumption of correctness attaches to facts and proper inferences therefrom found by state counts), cert. denied, 494 U.S. 1035 (1990). In addition, the magistrate judge pointed to an affidavit by Orange's counsel, stating that he had not received any letter requesting a withdrawal of plea or appeal within the ten-day period after the plea hearing. The district court adopted all the magistrate judge's recommendations relevant to this appeal.[3]
 
 
 9
 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). The "cause" to justify the procedural default must be external to the petitioner. Id. at 2566. Attorney error will constitute cause only when it creates an "independent constitutional violation" of the right to counsel. Id. at 2566-67.
 
 
 10
 Failure of counsel to file a requested appeal can form the basis of ineffective assistance. Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990). Thus, Orange claims that the failure of his counsel to withdraw his plea or appeal his conviction after he sent him a letter requesting that action constitutes ineffective assistance that would excuse his procedural errors. However, based on a review of the record in this case, we cannot find clearly erroneous the district court's conclusions that Orange had failed to show that the letter was either extant or sent to his attorney during the ten days after his plea. Thus, because Orange has failed to prove that he made a request of his attorney, we cannot find that the counsel's failure to act constitutes cause to excuse Orange's failure to abide by Oklahoma procedure.
 
 
 11
 Orange also claims that cause to excuse procedural default exists because his attorney failed to properly advise him about the minimum sentence for first degree robbery and failed to object to this error at the plea hearing. Orange claims that the correct minimum sentence for first degree robbery in Oklahoma is five years, but that the trial judge advised him that the minimum sentence was ten years at the plea hearing.[4] However, Orange makes no showing that he was prejudiced, even assuming that his attorney and the state trial judge erred about the minimum sentence. In order to demonstrate constitutional ineffective assistance of counsel, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus, Orange needs to demonstrate that, but for his attorney's alleged error regarding the minimum sentence length or failure to object to the trial judge, he would have not pled guilty or withdrawn his plea once he knew. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 12
 Orange does not make this showing, or even allege that he would not have pled guilty had he known that the minimum sentence was five rather than ten years. Orange claims that he sent the letter to counsel to withdraw his plea because he found some alibi witnesses, not because of the sentence length. Indeed, the sentence was agreed upon in a plea bargain in which the prosecutor agreed to drop the habitual offender portion of Orange's charges. With the habitual offender charge against him, Orange would have faced a minimum of ten years in prison if found guilty. 21 O.S. 51(A)(2). The district court found that Orange was properly advised of the range of criminal punishment including the habitual offender component. Thus, it is unlikely that Orange would have changed his plea if the alleged errors were not made. Thus, we find no cause and prejudice from this alleged error by counsel.
 
 
 13
 Even if Orange cannot show cause and prejudice to excuse his procedural defaults, we may nonetheless review his claims on the merits if a "constitutional violation has probably resulted in the conviction of one who is actually innocent" in order to prevent a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 496 (1986); Coleman, 111 S.Ct. at 2565. Here, however, Orange has not claimed actual innocence. At most, he lists a few potential alibi witnesses, but he does not suggest what the alibi was nor does he give us any other information to assess his possible innocence. Because he makes no showing of innocence, we will not overlook his procedural defaults.
 
 
 14
 Accordingly, we AFFIRM the district court's denial of Orange's petition.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant Petitioner-Appellant certificate of probable cause
 
 
 [3]
 The magistrate judge recommended that Orange not be allowed to proceed in forma pauperis. The district judge disagreed and granted him in forma pauperis status, thus not adopting that portion of the magistrate's recommendation
 
 
 [4]
 21 O.S. 798 sets the minimum penalty for first degree robbery at ten years. However, the Oklahoma Court of Criminal Appeals has held that this provision has been repealed by implication, and that the proper minimum sentence is five years. E.g., Meschew v. State, 264 P.2d 391 (Okl.Cr.1953); Coleman v. State, 540 P.2d 1185, 1186 (Okl.Cr.1975). Nonetheless, some Court of Criminal Appeals cases still cite the minimum penalty as 10 years. E.g., Duckett v. State, 711 P.2d 944, 946 (Okl.Cr.1985)