**Robert Don DUCKETT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–717.**

Court of Criminal Appeals of Oklahoma.

Dec. 19, 1985.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Crim. Div., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Robert Don Duckett, was tried by a jury for the crime of Robbery by Force in violation of 21 O.S.1981, § 792 in Case No. CRF–83–38 in the District Court of LeFlore County. The jury found him guilty as charged and set punishment at ten years' imprisonment. The appellant was sentenced accordingly and appeals.

On February 4, 1983, William R. Thacker was staying at a rented cabin next to Fay's Texaco in Wister, Oklahoma. Mr. Thacker was at Fay's Texaco on this day and started visiting with two young men whom he had never seen before. The appellant was identified as one of these men. When Mr. Thacker left to go to his cabin, the two men followed him. The two responded that they wanted to see his truck. It was cold and snowy, and Thacker invited them inside, where he showed them some pictures, read them some letters, and "just visited." At one point, one of the men was standing directly behind him, and the other was standing in front of him. He then saw the person in front of him nod, and he was then asked to reread a portion of a letter. Suddenly, he was struck from behind with an electric skillet by one of the men, although Mr. Thacker could not identify which one. After he had fallen from the blow he began to get up, but was struck a second time. One of the men began stomping the victim in the face with his boot.

The men took the victim's billfold with $320 from his pocket. The two were apprehended shortly thereafter along with appellant's girlfriend, who had been sleeping in the backseat of the car. After receiving his *Miranda* warnings, the appellant made a statement to the police. The appellant admitted to visiting with Mr. Thacker and going back to his cabin, but denied he was the one who hit him from behind. He stated that he ran to the car after the other man, David Britton, took the money. The money was in appellant's possession, but he had thrown the wallet out the window.

In his first assignment of error, the appellant argues that he was denied his right to present his defense fully with effective assistance of counsel by the trial court refusing to grant a continuance. Appellant's attorney had been involved in another trial until 10:30 the night before. Also, the appellant asserts a second reason for requesting a continuance, that being that the preliminary hearing had been held less than two months before, leaving the defense attorney with inadequate time to properly prepare his defense. We find the trial court properly denied his motion.

Although appellant filed a written motion requesting the continuance, he failed to attach an affidavit in support of the motion as required by 12 O.S.1981, § 668. *See Crosswhite v. State*, 317 P.2d 781 (Okl.Cr.1957). We have repeatedly held that failure to file an affidavit in support of the motion is fatal. *Nichols v. State*, 555 P.2d 70 (Okl.Cr.1976). Even so, this Court will examine the entire record when considering the overruling of a motion for continuance, to ascertain whether

or not defendant has suffered prejudice by reason thereof. *Lovelady v. State*, 478 P.2d 983 (Okl.Cr.1970). After examining the record, we find appellant's claim is without merit.

We have also examined appellant's claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find it to be without merit.

■ The appellant next complains that the trial court erred in giving an instruction regarding evidence of flight. It is well settled that the instructions to be given to the jury are left to the trial court's discretion. His judgment will not be interfered with as long as the instructions accurately state the applicable law. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). Also, the appellant did not specifically object to the instruction on the grounds that he now objects, and further failed to offer a proposed instruction. Therefore any objection is waived. *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981).

■ Appellant's third assignment of error alleges that he was denied a fair trial due to improper prosecutorial remarks. However, none of these comments were met with objection from counsel, and are therefore waived. *Parks v. State*, 651 P.2d 686 (Okl.Cr.1982).

■ Lastly, appellant asserts the trial court abused its discretion in refusing to suspend any portion of his sentence. This Court has consistently held that the question of punishment must be determined by a study of all the facts and circumstances in each particular case. *Gee v. State*, 538 P.2d 1102 (Okl.Cr.1975). After an examination of the appellant, the probation officer recommended that the defendant be denied probation and sentenced to a term prescribed by law. Also, the sentence given was the minimum provided by law. *See* 21 O.S.1981, § 798.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BUSSEY, J., Concur.